MARTIN, APPELLEE, *v.*
ROGERS, APPELLANT, ET AL.

(No. 53793—Decided
November 9, 1987.)

*Costanzo & Lazzaro* and *S. Robert E. Lazzaro,* for appellee.

*Ishmael C. Childs,* for appellant.

*Per Curiam.* Appellee, Jacola Martin, brought an action in forcible entry and detainer against Tom Rogers and his wife, appellant, Geraldine Rogers, in Cleveland Municipal Court. Appellant demanded a jury trial. The trial court granted a motion for payment of bond and deposit of rent. Appellant paid neither. Appellant filed an answer, counterclaim and cross-claim. The case was tried to the bench and judgment was rendered for appellee on the complaint (which the court found was not amended to request money) and on the counterclaim. Appellant never properly interpleaded the new-party defendants and the court properly did not rule on the cross-claim. Appellant has timely and properly appealed, and has raised three assignments of error.

Appellant's first assignment of error is without merit. A defendant in an action under R.C. Chapter 1923 shall not be granted a continuance of longer than eight days unless he "gives a bond * * * with good and sufficient surety, that is * * * conditioned for the payment of rent that may accrue, if judgment is rendered against the defendant." R.C. 1923.08. The trial judge had before him the issue of whether a continuance of more than eight days had occurred, in which case a bond would be required. For purposes of the motion only, he properly assumed defendants were tenants and did not abuse his discretion in requiring the posting of a bond.

Appellant's second assignment of error also is without merit. The trial court properly held that a bond and deposit of rent were required upon the demand for a jury which "continued" the hearing on the eviction for more than eight days. The trial judge took judicial notice that given the trial court's heavy docket a demand for a jury would, necessarily, delay the proceedings more than eight days. The statute is reasonably read to intend that a bond may be required in the event of a jury demand which will force the continuance of the trial. If the bond set by the trial court is not posted, a jury is properly waived as a result. Although a defendant in a forcible entry and detainer action has a right to a jury trial, *Pernell* v. *Southall Realty* (1974), 416 U.S. 363, 384-385, at fn. 34 (citing R.C. 1923.10), the bond requirement may be regarded as a reasonable one which furthers the policy of Ohio that seeks expeditious resolution of forcible entry and detainer cases and the protection of all parties' interests.

Appellant's third assignment of error is without merit. Appellant and appellee prepared conflicting App. R. 9(C) statements, but the trial judge's App. R. 9(C) statement does not address several contentions of appellant. However, allegations by counsel are insufficient. Appellant has failed to provide this court with any record to substantiate the assigned error. This court must presume that the basis for the findings of the court were present. *Ostrander* v. *Parker-Fallis Insulation Co.* (1972), 29 Ohio St. 2d 72, 74, 58 O.O. 2d 117, 119, 278 N.E. 2d 363, 365.

The decision of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, DAVID T. MATIA and JOHN V. CORRIGAN, JJ., concur.