The STATE, ex rel. GMS MANAGEMENT COMPANY, INC.,

v.

CALLAHAN, Judge, et al.

[Cite as *State, ex rel. GMS Mgt. Co., v. Callahan* (1989), 65 Ohio App.3d 335.]

Court of Appeals of Ohio,
Lake County.

No. 13–017.

Decided Nov. 20, 1989.

*Paul M. Greenberger,* for relator.

*B. Lawrence Allen,* Director of Law, for respondents.

*Per Curiam.*

Relator, the GMS Management Company, Inc., is an Ohio corporation engaged in the business of managing real estate. Part of this business involves the rental of commercial property known as the Willo Plaza Shopping Mall, which is located on Euclid Avenue in Willoughby, Ohio. On September 10, 1987, relator filed a complaint in forcible entry and detainer in the Willoughby Municipal Court against the owners of the Willo Plaza Beverage Shop. The complaint alleged that the defendants were continuing to occupy the rental premises, even though their lease had expired on September 1.

A hearing on the complaint was initially set for September 30. Upon being served and receiving notice of the hearing date, the defendants filed a request

for a jury trial. Two days later, on September 24, the defendants answered and also moved the trial court for a continuance. On September 28, respondent, Judge Dennis Callahan, granted the continuance, citing the jury demand and a conflict in schedules. The entry also stated that a pretrial conference would be held, but a specific date was not set.

On September 30, relator moved the trial court for summary judgment. During the next month, the parties filed their briefs on this motion; however, no other action on the case was taken by either the parties or the court until the middle of November. At that time, relator initiated the instant action before this court, filing a complaint in mandamus and prohibition against respondent Callahan and John Yezza, the Clerk of the Willoughby Municipal Court.

In this complaint, relator advanced three causes of action. After answering, both respondents moved to dismiss the complaint. This court granted the motion as to the second and third causes of action. The remaining claim is for a writ of mandamus against respondent Callahan only and is based upon the facts as stated above.

As stated in the complaint, relator contends respondent's actions in the underlying case violated the requirements of R.C. 1923.08 in two respects. First, respondent allegedly erred in not immediately setting a new date for the pretrial or trial after granting the continuance to the defendants. Second, relator asserts that the judge was under a duty to require the defendants to post a bond once it had been determined that the continuance would be for more than eight days.

After this court had ruled upon respondents' motion to dismiss, an evidentiary hearing was held on June 7, 1989. The parties were then given time to submit post-hearing briefs on the matter. Respondent also filed a transcript of the evidentiary hearing. The case is presently before this court for final determination.

As a preliminary matter, though, this court notes that the underlying forcible entry and detainer case was dismissed while this action was pending. As a result, respondent maintains that issues before this court are moot and, thus, that this action should be dismissed. In response, relator claims that this case is still properly before this court, citing the well-established doctrine that a court can rule on a moot case if the issues are capable of repetition and will always evade review. See, *e.g., State, ex rel. Plain Dealer Publishing Co., v. Barnes* (1988), 38 Ohio St.3d 165, 527 N.E.2d 807.

In regard to this question, the Ohio Supreme Court has recently applied the mootness doctrine in a case quite similar to the instant matter. In fact, the case involves the same parties. In *State, ex rel. GMS Mgt. Co., v. Callahan*

(1989), 45 Ohio St.3d 51, 543 N.E.2d 483, relator filed another forcible entry and detainer action in the Willoughby Municipal Court. After a hearing had been held, respondent Callahan took the matter under advisement. When a judgment had not been rendered sixteen days later, relator filed an original action in the Supreme Court, seeking writs of mandamus and prohibition. Even though judgment was entered on the underlying action before the Supreme Court could render its decision, it held that the doctrine was applicable in that situation and that the issues could still be addressed. The court also emphasized that the issues were of the type which needed to be determined, "to more fully accomplish the aims of justice." *Id.* at 54, 543 N.E.2d at 486.

In the present case, the primary question for determination is whether a municipal court must require the defendant in a forcible entry and detainer case to immediately post a bond when he is granted a continuance. Due to the nature of the judicial process, any continuance granted in the trial court is almost certain to end before an original action before a court of appeals can be fully litigated. Thus, the primary issue in this matter is also "capable of repetition, yet evading review." Moreover, it is evident that the point is important to all plaintiffs in forcible entry and detainer cases, since a bond is obviously necessary to cover any immediate loss the landlord could readily sustain while the continuance is pending.

R.C. Chapter 1923 governs the procedure trial courts must follow in forcible entry and detainer actions. These statutes were designed to create a summary proceeding for settling disputes between landlords and tenants. *Cuyahoga Metro. Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 21 O.O.3d 81, 423 N.E.2d 177. Consistent with this goal, the Civil Rules do not apply in these proceedings when their application would hinder the speedy conclusion of the case. Civ.R. 1(C)(3); *GMS Mgt., supra,* citing *Larson v. Umoh* (1986), 33 Ohio App.3d 14, 514 N.E.2d 145. Any interpretation of the provisions of R.C. Chapter 1923 must also be consistent with this goal.

In relation to continuances, R.C. 1923.08 provides:

"No continuance in an action under this chapter shall be granted for a period longer than eight days, unless the plaintiff applies for the continuance and the defendant consents to it, or unless the defendant applies for the continuance and gives a bond to the plaintiff, with good and sufficient surety, that is approved by the court and conditioned for the payment of rent that may accrue, if judgment is rendered against the defendant."

Concerning the defendant's motion for a continuance, this court first notes that the statute does not give the trial court any discretion in deciding whether a bond must be posted when the continuance is for more than eight

days. Under the applicable language, the posting of the bond is a prerequisite to the granting of such a continuance. In this respect, the present statute is similar to the preceding version of R.C. 1923.08:

"No continuance in an action under sections 1923.01 to 1923.14, inclusive, of the Revised Code, shall be granted for a longer period than eight days, unless the defendant, applying therefore gives a bond to the adverse party, with good and sufficient surety, to be approved by the judge of the county court, conditioned for the payment of rent that may accrue, if judgment is rendered against him."

■ In interpreting this language, the Supreme Court stated that the defendant only had to post the required bond to secure the continuance; however, "[a]bsent such compliance, appellant was not entitled to the continuance requested." *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.* (1981), 67 Ohio St.2d 19, 30, 21 O.O.3d 12, 19, 423 N.E.2d 1070, 1078. Given that the changes in R.C. 1923.08 only concern the plaintiff's motion for a continuance rather than defendant's motion, this interpretation is still applicable. Accordingly, if the defendant does not immediately post the bond, the trial court cannot grant a continuance for over eight days, regardless of whether the plaintiff files a request for the bond.

■ Under this analysis, it follows that the exact duration of the continuance must be established before it can be granted. The exact duration is needed not only to determine whether the bond must be posted before the continuance is granted, but it is also needed to determine whether the posted bond is sufficient to cover the possible loss the landlord could sustain. Pursuant to this requirement, a trial court in a forcible entry and detainer action can never grant the defendant an unlimited continuance. The court must limit its duration by setting a new pretrial or trial date. Cf. M.C.Sup.R. 16(A) (court cannot grant a continuance without first setting a definite date for the next hearing).

Respondent's actions in this case clearly violated this requirement. Although some of the subsequent delay in the underlying action can be attributed to relator's motion for summary judgment, the granted continuance was for an indefinite period. Even if the summary judgment motion had not been filed and the continuance had lasted for less than eight days, a definite date was needed to determine if the bond must be posted.

At the evidentiary hearing, relator raised a question concerning the applicability of the bond requirement in two other situations. In the first, relator submits that the statute should apply to the period between the final hearing and the entry of the judgment. In support of its position, relator has

introduced certified copies of the dockets of other forcible entry and detainer actions tried in the Willoughby Municipal Court.

However, this court notes that the facts of the underlying action in this particular case do not raise this issue, since that action was dismissed before a final hearing could be held. In addition, it should also be noted that the Supreme Court specifically addressed this issue in *GMS Mgt.*, *supra*, holding that R.C. 1923.08 did not apply to the period that the court took the matter under advisement.

■ Under the second situation, relator argues that the bond should also be required when the defendant requests a jury trial, since this usually delays the final determination. As noted above, the defendants in the underlying action filed a jury request, and respondent cited this request as one of the reasons for granting the subsequent continuance.

While the delay caused by a jury demand is not usually considered a continuance, at least one appellate district has held that the bond is required under these circumstances:

"Although a defendant in a forcible entry and detainer action has a right to a jury trial, *Pernell v. Southall Realty* (1974), 416 U.S. 363, 384–385 [94 S.Ct. 1723, 1733–1734, 40 L.Ed.2d 198, 213–214], at fn. 34 (citing R.C. 1923.10), the bond requirement may be regarded as a reasonable one which furthers the policy of Ohio that seeks expeditious resolution of forcible entry and detainer cases and the protection of all parties' interests." *Martin v. Rogers* (1987), 42 Ohio App.3d 110, 111, 536 N.E.2d 665, 666.

Under this analysis, the trial court would be required to immediately determine whether the delay caused by the jury demand will be greater than eight days. Thus, the defendant's right to the jury trial would be conditioned on posting the appropriate bond. Following the policy rationale underlying the forcible entry and detainer statute, we believe this posture best implements the legislative intent of R.C. Chapter 1923.

■ In this case, relator has satisfied the three criteria for the issuance of a writ of mandamus. Relator has established that it has no plain and adequate remedy at law, that it has a legal right to the bond under the circumstances, and that respondent has the duty of requiring the defendants to post the bond. Accordingly, it is the order of this court that respondent shall require defendants in forcible entry and detainer actions to post bonds under the standards delineated in this opinion.

*Writ granted.*

CHRISTLEY, P.J., JOSEPH E. MAHONEY and FORD, JJ., concur.