[Cite as *Showe Mgt. Corp. v. Mountjoy*, 2020-Ohio-2772.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

|  |  |  |
|---|---|---|
| SHOWE MANAGEMENT CORPORATION, | : | |
| | : | CASE NO. CA2019-06-012 |
| Appellee, | : | O P I N I O N |
| | : | 5/4/2020 |
| - vs - | : | |
| | : | |
| DIANNE MOUNTJOY, | : | |
| Appellant. | : | |

CIVIL APPEAL FROM CLINTON COUNTY MUNICIPAL COURT
Case No. CVG 1900217

C. Bernard Brush, Michael J. Cassone, 5530 Columbia Road SW, Pataskala, Ohio 43062, for appellee

Legal Aid Society of Southwest Ohio, LLC, Lori K. Elliott, Jonathan W. Ford, Alpha S. Taylor, 10 Journal Square, Suite 300, Hamilton, Ohio 45011, for appellant

**HENDRICKSON, P.J.**

{¶1} Appellant, Dianne Mountjoy, appeals a decision of the Clinton County Municipal Court granting a complaint for forcible entry and detainer filed by appellee, Showe Management Corporation.

{¶2} In February 2017, Mountjoy entered into a lease agreement with Showe to rent an apartment in a Wilmington, Ohio apartment complex. The apartment was federally

subsidized and Mountjoy did not have a monetary monthly rental obligation.

{¶3}    The lease agreement included an addendum with a bedbug policy, which required Mountjoy to notify Showe of the presence of bedbugs on any clothing, furniture or personal property.  The policy also required Mountjoy to notify Showe when bringing any furniture into the apartment so an inspection could be conducted.  The agreement further indicated that Mountjoy could be responsible for the reasonable cost of cleaning and extermination due to a bedbug infestation.

{¶4}    In December 2017, Mountjoy had a bedbug infestation.  At that time, she signed a repayment agreement in which she agreed to repay the cost of extermination.  The apartment was treated and eventually Showe arranged for help from her church for the cost of repayment.

{¶5}    Around a year later, in December 2018, Mountjoy's physician called Showe's corporate office and indicated that a bedbug was found on Mountjoy during an examination in the physician's office.  The physician was concerned because Mountjoy told him the management company was not doing anything about the bedbugs.  Mountjoy was given a 30-day notice to vacate the premises for failing to report the bedbugs.  After receiving the notice, Mountjoy came into the office to report the bedbug infestation to Showe and request an inspection.  At that time, she signed a repayment agreement to reimburse Showe for the cost of extermination.

{¶6}    An Orkin inspector viewed the apartment and found bedbugs in three of the apartment's rooms.  The inspector determined that based on the lifecycles of the bugs, the infestation had been in the apartment for four months or longer.  Orkin returned and over two dates treated the infestation.

{¶7}    Mountjoy failed to reimburse Showe for the cost of the extermination and Showe filed a forcible entry and detainer action on March 12, 2019.  Mountjoy was served

with a copy of the complaint on March 13, 2019 which indicated that an eviction hearing was set for 3:00 p.m. on March 26, 2019.

{¶8} At the eviction hearing, Mountjoy's counsel indicated that an answer and jury demand had been filed. A magistrate denied the jury request as untimely as it had just been filed approximately 10 minutes before the hearing. The magistrate heard evidence and granted restitution of the premises to Showe.

{¶9} Mountjoy filed objections to the magistrate's decision. In her objections, she argued that the magistrate denied her right to a jury trial. Mountjoy stated that the court and opposing counsel were aware of the jury request because it had been faxed to the court and opposing counsel the day prior to the hearing, and an application to proceed in forma pauperis was faxed to the trial court.

{¶10} The trial court held a hearing and issued an entry overruling the objections to the magistrate's decision. The trial court found that Mountjoy made a good faith attempt to fax pleadings to the clerk at 3:42 the day before the hearing, although the documents were not timestamped until about 15 minutes before the hearing. The trial court determined that the Civil Rules of Procedure did not apply to the issue of timeliness of a jury demand in an eviction action. Instead, the court applied an "interests of justice" standard to find that a jury demand and deposit are untimely if filed fewer than three days prior to the summons date. The court therefore found that the jury demand in this case was not timely filed. The trial court further found that the lease addendum was valid and enforceable and Mountjoy had failed to pay the amounts due. Accordingly, the trial court overruled the objections and adopted the magistrate's decision.

{¶11} Mountjoy now appeals the trial court's decision and raises two assignments of error for our review.

{¶12} THE TRIAL COURT ERRED BY DENYING APPELLANT HER STATUTORY

- 3 -

AND CONSTITUTIONAL RIGHT TO A JURY TRIAL.

{¶13} In her first assignment of error, Mountjoy argues that the court erred in denying her request for a jury trial. She contends that the trial court incorrectly determined that Civ.R. 38(B) is not applicable to forcible entry and detainer proceedings, that there was no local rule restricting when a party may file a jury demand, and that the trial court erred in finding she waived her right to a jury when no waiver was made pursuant to Civ.R. 39.

{¶14} Parties to a forcible entry and detainer action have the right to a jury trial. R.C. 1923.10; *Fodor v. First Natl. Supermarkets*, 63 Ohio St.3d 489, 492 (1992). However, if a party fails to make a proper demand, the right to a jury trial will be waived. *Nenadal v. Landerwood Co.*, 8th Dist. Cuyahoga No. 65428, 1994 Ohio App. LEXIS 2079, *7 (May 12, 1994).

{¶15} "Forcible entry and detainer, as authorized in R.C. Chapter 1923, is a summary proceeding in which a court may make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord." *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St. 2d 129, 130 (1981). "A forcible entry and detainer action is intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441-442 (2000). The underlying purpose behind the forcible entry and detainer action is to provide a summary, extraordinary, and speedy method for the recovery of the possession of real estate. *Jackson* at 131.

{¶16} Given the summary nature of a forcible entry and detainer action, "the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy." *Id.* While the Civil Rules generally govern procedure in Ohio courts, the rules specifically state that they do not apply in forcible entry and detainer proceedings "to the extent that they would by their nature be

clearly inapplicable." Civ. R. 1(C)(3). Moreover, the Civil Rules are inapplicable if their application would frustrate the purpose of the forcible entry and detainer proceeding. *State ex rel. GMS Mgt. Co.*, 45 Ohio St.3d 51, 54-55, (1989); *Larson* v. *Umoh*, 33 Ohio App. 3d 14, 16 (8th Dist 1986).

{¶17} Appellant argues that Ohio Civ.R. 38 sets the requirements for requesting a jury trial in a forcible entry and detainer action. This section provides that "[a]ny party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefore at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue." Civ.R. 38(B). Mountjoy argues that her jury request, filed the day prior to the hearing with her answer, was timely under this rule.

{¶18} However, R.C. Chapter 1923, the forcible entry and detainer section of the Ohio Revised Code, provides that "the claim for restitution of the premises shall be scheduled for hearing in accordance with local court rules, but in no event sooner than the seventh day from the date service is complete." R.C. 1923.06(H)(1). The statute further provides that an answer date for any "other claims" filed with a complaint is 28 days after the date service is complete. R.C. 1923.06(H)(2). Accordingly, the statute contemplates a trial, not a responsive pleading, unless other claims are included in the complaint. Because an answer is not required, there is no responsive pleading to serve as "the last pleading directed to [the issue of restitution of the premises]" as provided in Civ.R. 38(B).

{¶19} Moreover, the forcible entry and detainer statute specifically provides that "[i]f an action under this chapter is not continued, the place of trial is not changed, and neither party demands a jury on the return day of the summons, a judge of the court shall try the cause." R.C. 1923.09(A). Because the forcible entry and detainer statute provides a specific date to request a jury trial, the Civil Rules are inapplicable.

{¶20}  As mentioned above, a party must demand a jury trial no later than the return date of the summons.  The Revised Code provides specific requirements for service and summons in a forcible entry and detainer action.  R.C. 1923.06(A).  Specifically, a summons must be issued which follows a specific format and is served and returned as provided.  *Id*. Service of the summons must occur "at least seven days before the day set for trial."  *Id*. "Within five days after receiving the summons * * * the person making service shall return the process to the clerk."  R.C. 1923.06(D)(3).

{¶21}  In this case, the summons was received, served and returned on March 13, 2019.  Appellant's jury trial request was faxed to the trial court on March 25, 2019, which is clearly beyond the time for the return date of the summons.  Therefore, we find that the trial court did not err in denying the request for a jury trial as untimely.  Mountjoy's first assignment of error is overruled.

{¶22}  THE TRIAL COURT ERRED BY GRANTING THE APPELLEE POSSESSION OF THE PREMISES WHEN APPELLANT FAILED TO PAY THE COST OF BED BUG EXTERMINATION.

{¶23}  In her second assignment of error, Mountjoy argues that the trial court erred in granting the request for forcible entry and detainer.  She contends that pursuant to Ohio's Landlord-Tenant Act, a landlord cannot shift its obligation to maintain the premises to a tenant and that the failure to find that Mountjoy was negligent or careless in the resulting infestation precludes the imposition of charges for extermination.

{¶24}  Ohio's Landlord-Tenant Act provides for certain rights and responsibilities for tenants and landlords.  See R.C. Chapter 5321.  The act attempts to balance the rights of tenants and landlords.  *Sherwin v. Cabana Club Apts.*, 70 Ohio App.2d 11, 18, (8th Dist. 1980).  Under the act, a landlord has a statutory duty to maintain the premises in a habitable condition.  R.C. 5321.04.  This duty to maintain the premises cannot be shifted to the tenant.

- 6 -

*See* R.C. 5321.13(A). However, a tenant has reciprocal obligations under the act, including a responsibility to keep the premises in a safe, sanitary condition. *See* R.C. 5321.05. Appellant argues that a landlord may not shift its responsibility to maintain the premises to the tenant. See *Miller v. Ritchie*, 45 Ohio St.3d 222 (1989).

{¶25} However, in this case, the basis of the forcible entry and detainer action was Mountjoy's failure to comply with the terms of the repayment agreement. The lease addendum signed by Mountjoy specifically indicated that she could be required to repay the cost of treating the apartment for bedbugs. Mountjoy signed the document and agreed to repay Showe for the cost of the extermination on the basis that the action was necessary "as a result of carelessness/misuse/neglect" on her part.

{¶26} In addition, the repayment agreement provided that the failure to make payments could result in initiation of eviction proceedings. It was the failure to make payments under the agreement, not a shifting of the landlord's responsibility, that was the basis for the forcible entry and detainer action.[1] See *Green v. Rickman*, 12th Dist. Butler No. CA1990-07-013, 1991 Ohio App. Lexis 2241 (May 13, 1991). Accordingly, we find no error in the trial court's decision to grant Showe's request for forcible entry and detainer. Mountjoy's second assignment of error is therefore overruled.

{¶27} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.

---

1. Although Mountjoy argues that the repayment agreement was a contract of adhesion that she was required to sign or be evicted, we find no merit to this argument. Moreover, we find a HUD memorandum dated April 18, 2019 attached to Mountjoy's brief is inapplicable in this case as it is dated after the events involved in this case and was not part of the record below.