[Cite as *State v. Pittman*, 2023-Ohio-1990.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220460A |
| | | TRIAL NO. C-22TRC-5479 |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| BRANDEN PITTMAN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 16, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*William F. Oswall, Jr.*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Branden Pittman was convicted in a bench trial of one misdemeanor count of operating a motor vehicle while intoxicated ("OVI"). For the reasons below, we affirm the conviction.

## Facts and Procedural History

{¶2} In the early hours of the morning of March 12, 2022, Branden Pittman drove through Forest Park at a high rate of speed. A Forest Park police officer on routine patrol saw Pittman drive south on Waycross Road in a 25 m.p.h. zone at an estimated speed of 70 m.p.h. Pittman continued to drive for half a mile, cruising through two stop signs until he crashed head-on into the woods. The officer approached where Pittman's car had entered the woods and ordered Pittman to exit. Pittman complied, climbing up out of the woods with his hands up. The officer saw Pittman's eyes were red and glassy and smelled a strong odor of alcohol on him. When asked if he was drinking, Pittman admitted to consuming two "alcoholic beverages." Pittman refused a field-sobriety test and refused to supply a breath sample. The officer then arrested Pittman for OVI.

{¶3} Pittman was charged and originally set to appear for trial on May 16, 2022. Pittman failed to appear for trial. The court issued a bench warrant for Pittman's arrest. On August 14, 2022, Pittman was arrested on the bench warrant and counsel was appointed. On August 15, the court and parties agreed to a trial date of September 8, 2022. The next day, August 16, Pittman filed a demand for discovery under Crim.R. 16.

{¶4} The state did not respond to the demand. In the time before trial, Pittman's counsel did not make any attempt to contact the prosecution to

2

discuss discovery. At no point prior to the trial date did Pittman file a motion to compel discovery under Crim.R. 16(M).

{¶5} The state did not provide discovery until 30 minutes prior to the start of trial on September 8, 2022. At that time, the state tendered "paper discovery" to Pittman's counsel. From the record, it appears that the paper discovery consisted of two documents, the original traffic ticket charging Pittman and a Bureau of Motor Vehicles form for administrative suspension of a commercial driver's license. Both are issued in multiple copies, with one of each given to the offender. The administrative-license-suspension form detailed the arresting officer's observations of Pittman's red glassy eyes and the smell of alcohol from Pittman's person and recorded that Pittman refused sobriety tests.

{¶6} The provided discovery file also had a note indicating that there was a "MVR," a video recorded by the police cruiser's dashboard camera. However, the video was not provided to Pittman with the paper discovery. The prosecuting attorney explained he did not have the video and had not seen it. While he did not know whether the state possessed the video, he surmised that it was likely to be in the state's records.

{¶7} At the time scheduled for trial, Pittman requested a continuance to review the discovery. The trial court denied the request but delayed the start of Pittman's trial until the end of the day to give Pittman's counsel time to review the provided discovery. When the trial was set to begin, Pittman renewed his request for a continuance for more time to review the discovery and to find the dashboard-camera video. The court again denied the request

3

and proceeded to trial. Pittman was convicted of one count of OVI and now appeals, raising a single assignment of error.

## Analysis

{¶8} In his sole assignment of error, Pittman contends the trial court abused its discretion in denying his request for a continuance. Pittman argues a continuance was the proper sanction in response to the state's failure to provide discovery in a timely manner under Crim.R. 16.

{¶9} The Ohio Rules of Criminal Procedure grant the trial court discretion to regulate the criminal discovery process and impose sanctions on parties who fail to comply. Crim.R. 16(L)(1); *State v. Parson*, 6 Ohio St.3d 442, 445, 453 N.E.2d 689 (1983). Accordingly, we review a trial court's response to a discovery violation under an abuse-of-discretion standard. *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 33-34. Because a trial court is "in the best position to rule on a requested continuance after considering all the surrounding circumstances[,]" an appellate court "must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Martin*, 1st Dist. Hamilton No. C-050584, 2006-Ohio-5263, ¶ 24.

{¶10} A trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). An abuse of discretion includes a situation in which a trial court did not engage in a " 'sound reasoning process.' " *State v. Morris*, 132 Ohio St.3d 337, 2012-Ohio-2407, 972 N.E.2d 528, ¶ 14, quoting *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). Abuse-of-discretion review is

deferential and does not allow an appellate court to simply substitute its judgment for that of the trial court. *Id.*

{¶11} Because the continuance was requested in response to a discovery issue, the relevant inquiry follows two steps. First, we must decide whether the state breached its duty to provide discovery under Crim.R. 16. If so, we must decide whether the trial court abused its discretion in sanctioning that breach. *See State v. Austin*, 1st Dist. Hamilton Nos. C-210140 and 210141, 2021-Ohio-3608, ¶ 11.

{¶12} The parties do not dispute that a discovery violation occurred. The state did not respond to Pittman's August 18 demand for three weeks until providing discovery immediately before trial on September 8. Thus, the only question is whether the trial court abused its discretion by not granting the requested continuance as a sanction for that violation.

{¶13} The Ohio Supreme Court provides two relevant guides for a trial court to exercise its discretion over whether to grant a continuance. The first is under *State v. Parson*, 6 Ohio St. 3d 442, 453 N.E.2d 689 (1983) which lays out a three-factor test to guide a trial court's discretionary response to a discovery violation by the state. The second is under *State v. Unger*, 67 Ohio St. 2d 65, 423 N.E.2d 1078 (1981) which lays out a six-factor test to guide a trial court's general decision to grant or deny any continuance.

{¶14} In *State v. Parson*, the Ohio Supreme Court has articulated a three factor test to govern a trial court's exercise of discretion in imposing sanctions for discovery violations committed by the state: (1) whether the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) whether foreknowledge of the evidence would have benefited the accused,

and (3) whether the accused was prejudiced by the evidence concerned. *Parson* at syllabus. Applying the three *Parson* factors indicates the trial court did not abuse its discretion.

{¶15} Under the first *Parson* factor, there is no indication in the record that the discovery violation was willful. Pittman does not argue that the discovery violation was in bad faith. The record is simply bereft of any justification for the state's failure to follow the August 16 discovery demand. The prosecutor professed he was simply unaware that the state did not provide discovery prior to trial. When notified at trial that discovery had not been provided, the state provided all the information it was aware of at that time. We are unable to determine if the state acted willfully or negligently in failing to respond to the discovery request. Nevertheless, the state cannot avoid its responsibilities under Crim.R. 16 by professing ignorance. See *Austin*, 1st Dist. Hamilton Nos. C-210140 and C-210141, 2021-Ohio-3608 at ¶ 12.

{¶16} The record does not show that the state was willful regarding the police cruiser's dashboard-camera video. Though the state did not provide the video indicated by a note in the discovery file, the prosecutor had neither viewed nor found the dashboard-camera video. Because Pittman does not argue the state acted in bad faith, and a prosecutor cannot willfully conceal a video he honestly does not have, we must conclude the state did not willfully fail to provide the dashboard-camera video.

{¶17} Turning to the second *Parson* factor, foreknowledge of the evidence could have benefited the defense, but only for the trial preparation. The paper discovery consisted of the traffic ticket and the administrative suspension form. Both documents are squarely inculpatory. The defense may

6

also have had foreknowledge of the documents as copies of traffic tickets and administrative-suspension forms are ordinarily issued to offenders when arrested. *See* Traf.R. 3(E)(1) ("A law enforcement officer who issues a ticket shall complete and sign the ticket, serve a copy of the completed ticket on the defendant * * * ") and R.C. 4511.192(B) (requiring an arresting officer to read form advice to a person arrested for OVI). In this case, the officer certified under penalty of perjury on both the traffic ticket and on the administrative-suspension form that Pittman was provided copies of each form. The benefit of the video evidence from the police cruiser's dashboard camera is unknown. While having an objective piece of evidence would be helpful, it is speculative to presume the video would be exculpatory. The video could corroborate the state's case as easily as contradict it, and there is no indication the state omitted the video because it was exculpatory. Thus, foreknowledge of the evidence would be beneficial for the limited purpose of trial preparation.

{¶18} Finally, under the third *Parson* factor, Pittman was not prejudiced by the evidence concerned. Copies of the ticket and the administrative-suspension form were given to Pittman when he was charged. It is difficult to conceive of how he was prejudiced when presented with documents already in his possession. Moreover, Pittman did not make any attempt to compel discovery under Crim.R. 16(M) prior to trial, did not contact the state regarding discovery, and did not notify the trial court of the discovery issue until the start of trial. Pittman could have avoided the surprise by using any of the multiple available avenues to compel discovery.

{¶19} Thus, the trial court did not abuse its discretion under the three *Parson* factors. The violation was not willful, the withheld evidence offered a

7

limited benefit only to trial preparation, and Pittman could have avoided much of the surprise by seeking to compel discovery or notifying the trial court before the agreed-on trial date. Thus, the trial court did not abuse its discretion in denying the continuance as the requested sanction for the state's failure to timely provide discovery.

{¶20} The trial court also did not abuse its discretion under the general guidance when considering whether to grant a continuance under *State v. Unger*. In that case, the Ohio Supreme Court instructed trial courts to consider six factors when deciding whether to grant a continuance (1) the length of the delay requested; (2) whether other continuances have been requested and received; (3) the inconvenience to litigants, witnesses, opposing counsel and the court; (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; (5) whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and (6) other relevant factors, depending on the unique facts of each case. *Unger*, 67 Ohio St.2d at 67-68, 423 N.E.2d 1078. Applying the *Unger* factors, we hold that the trial court did not abuse its discretion.

{¶21} First, the length of the delay was never specified and is unknown. Second, strictly speaking, this was the first continuance requested by Pittman. However, it was not the first delay. Pittman was scheduled for trial previously and failed to appear, delaying the trial by several months. Third, Pittman first requested a continuance at the start of trial on the agreed-on date. Both the court and prosecution were ready to proceed, and the witness was present. Taking these three factors together, it was within the court's discretion to conclude that any delay would pose significant inconvenience to the court.

{¶22}    Fourth, there was a good-faith basis for a request for a continuance because discovery had not been provided until the trial date, necessitating the last-minute nature of the request.  However, under the fifth factor, Pittman's counsel contributed to the circumstances giving rise to the request for a continuance by making no effort to obtain the requested discovery prior to the agreed-on trial date.  Pittman did not contact the prosecution, move to compel discovery, or notify the court of the lack of discovery before the start of trial.  Turing to other relevant factors, a continuance could allow the parties to find the dashboard-camera video and provide potential objective evidence.  Additionally, Pittman was not incarcerated at the time and was out on bond, though he had previously failed to appear for trial.  The trial court also granted additional time that morning to review the small discovery material provided.

{¶23}    While a continuance would minimize or eliminate the state's discovery violation and provide an opportunity to find the police cruiser dashboard-camera video, it was within the trial court's discretion to deny the continuance in light of the inconvenience imposed and Pittman's own contributions to the need for delay.

## Conclusion

{¶24}    We hold that the trial court did not abuse its discretion in denying Pittman's request for a continuance and we overrule Pittman's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

ZAYAS, P.J., and BOCK, J., concur.

9

Please note:

The court has recorded its own entry on this date.