[Cite as *OTR Hous. Assocs., Ltd. v. Engleman*, 2025-Ohio-3171.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| OTR HOUSING ASSOCIATES LTD, | : | APPEAL NO. C-240693 |
| | | TRIAL NO. 24CV20304 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *JUDGMENT ENTRY* |
| DAMIA ENGLEMAN, | : | |
| Defendant-Appellant, | : | |
| and | | |
| ALL OCCUPANTS, | | |
| Defendants. | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is reversed and the cause is remanded.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 9/5/2025 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *OTR Hous. Assocs., Ltd. v. Engleman*, 2025-Ohio-3171.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

OTR HOUSING ASSOCIATES LTD,  :  APPEAL NO.  C-240693
                                          TRIAL NO.  24CV20304

    Plaintiff-Appellee,  :

  vs.  :

        *O P I N I O N*

DAMIA ENGLEMAN,  :

    Defendant-Appellant,  :

  and

ALL OCCUPANTS,

    Defendants.

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: September 5, 2025

*David D. Donnett*, for Plaintiff-Appellee,

Legal Aid Society of Southwest Ohio, LLC, and *Michael Reiser*, for Defendant-Appellant.

**NESTOR, Judge.**

**{¶1}** This appeal arises from the granting of a motion for contempt in an eviction action brought by plaintiff-appellee OTR Housing Associates LTD ("Landlord") against defendant-appellant Damia Engleman. Because Ohio's landlord-tenant law requires a hearing, we sustain the first assignment of error and remand the cause for trial. We hold the trial court did not abuse its discretion when it struck the jury demand as a remedy for contempt. However, Engleman should have been given the opportunity to cure the contempt order. Because the court did not allow Engleman to cure her contempt, and improperly granted an immediate writ of restitution, we sustain both assignments of error, the second only in part, and reverse the judgment of the trial court.

## I. Factual and Procedural History

**{¶2}** On July 24, 2024, Landlord filed an eviction action against Engleman. Engleman then filed an answer and a jury demand. Because of the jury demand, the case was assigned to a municipal court judge who set a rent bond at $357 a month. Engleman upheld this obligation for August and September. However, as she explains, due to business being slow she was unable to pay the bond in October and November.

**{¶3}** Following Engleman's nonpayment, Landlord filed a motion for contempt, requesting that the court: (1) find Engleman in contempt, (2) strike the jury demand, (3) issue an immediate writ of restitution, and (4) award reasonable attorney's fees. Landlord based its motion on Engleman's failure to pay the bond, in violation of the court's order.

**{¶4}** Engleman opposed the motion on November 27, 2024, asserting that she was entitled to a hearing and an opportunity to cure her missed bond payments. But no hearing took place, and the court quickly ruled against her. On December 6,

2024, the trial judge granted Landlord's motion, struck the jury demand, and issued an immediate writ of restitution, without conducting a hearing or trial. Days later, Engleman filed a notice of appeal and a motion to stay the writ of restitution in both the trial court and in this court. The trial court held that it did not have jurisdiction to determine the merits of the motion because of this appeal.

{¶5} We granted the stay pending the posting of a bond sufficient to cover the missed payments for October, November, and December, totaling $1071. Engleman posted the bond. Engleman now appeals asserting two assignments of error.

## II. Analysis

### A. First Assignment of Error

{¶6} In her first assignment of error, Engleman asserts that the trial court erred as a matter of law and abused its discretion in issuing an immediate writ of restitution without holding a hearing on the merits of the case. Determinations of whether a trial court applied the proper legal standard pose questions of law which are reviewed de novo. *State v. Weaver*, 2024-Ohio-1444, ¶ 14 (1st Dist.). Pursuant to R.C. 1923.06(H)(1), the forcible-entry-and-detainer section of Ohio's Revised Code, a "claim for restitution of the premises *shall* be scheduled for hearing in accordance with local court rules, but in no event sooner than the seventh day from the date service is complete." (Emphasis added.) *Showe Mgmt. Corp. v. Mountjoy*, 2020-Ohio-2772, ¶ 18 (12th Dist.).

{¶7} As we have previously stated, the Ohio Supreme Court has directed that "the word 'shall' in a statute 'shall be construed as mandatory unless there appears a clear and unequivocal legislative intent that it receive a construction other than its ordinary usage.'" *State Emp. Relationss. Bd. v. Perkins*, 144 Ohio App.3d 460, 466

4

(1st Dist. 2001). In *Mountjoy* the Twelfth District explained that Ohio's forcible entry and detainer law contemplates a trial. *Mountjoy* at ¶ 18.

**{¶8}** Here, the trial court granted an immediate writ of restitution, without holding a trial. This runs afoul of the explicit language of the statute and basic tenets of due process. A tenant has a property interest in a leasehold premises. *See Jones v. City of Norwood*, 2013-Ohio-350, ¶ 58 (1st Dist.), citing R.C. 5321.01 and 5321.04 (explaining that under Ohio law, tenants holding leasehold estates have a recognized property interest). Before being divested of that property interest, due process requires both notice and a hearing. This is exactly what Ohio law provides in the mandatory hearing provision of R.C. 1923.06(H)(1). Regardless of Landlord's belief that the outcome in this case was a "foregone conclusion," there should have been a trial before the writ of restitution was issued. Because Engleman was entitled to a trial on the merits of her claim we sustain her first assignment of error.

### B. Second Assignment of Error

**{¶9}** In her second assignment of error, Engleman asserts that the trial court erred in finding her in contempt and striking the jury demand without providing her the opportunity to cure nonpayment of the rent bond. Appellate courts review a trial court's decision on a contempt motion for an abuse of discretion. *In re G.W.*, 2024-Ohio-1551, ¶ 13 (1st Dist.), citing *Morrison v. Walters*, 2023-Ohio-2887, ¶ 19 (1st Dist.), citing *Wolf v. Wolf*, 2010-Ohio-2762, ¶ 4 (1st Dist.). An abuse of discretion occurs when "a court [exercises] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. An abuse of discretion is "more than a mere error of judgment; rather 'it implies that the court's attitude is arbitrary, unreasonable, or unconscionable.'" *Hayes v. Durrani*, 2021-Ohio-725, ¶ 8 (1st Dist.), quoting *Boolchand v. Boolchand*,

5

2020-Ohio-6951, ¶ 9 (1st Dist.). Abuse of discretion is a deferential standard of review, which does not allow the appellate court to substitute its judgment for that of the trial court. *State v. Pittman*, 2023-Ohio-1990, ¶ 10 (1st Dist.).

{¶10} The first issue to address is whether Engleman was entitled to a jury trial. Engleman asserts that both the United States and Ohio Constitution guarantee her the right to a jury trial in a civil case. Other Ohio appellate districts have recognized the right to a jury trial in forcible-entry-and-detainer actions. *See State ex rel. GMS Mgmt. Co. v. Callahan*, 65 Ohio App.3d 335, 340 (11th Dist. 1989), citing *Pernell v. Southall Realty*, 416 U.S. 363, 384-385 (1974) (explaining that a defendant in a forcible-entry-and-detainer action has a right to a jury trial). However, this right is not unlimited and the Eighth and Eleventh Districts have held that the failure to post a required bond may serve as a waiver of a jury demand. *See Cuyahoga River Assocs. Limited Partnership v. MJK Corp.*, 1996 Ohio App. LEXIS 124 (8th Dist. Jan. 18, 1996); *Martin v. Rogers*, 42 Ohio App.3d 110, 111 (8th Dist. 1987); *Callahan* at 340.

{¶11} In *Callahan*, the court held that the defendant's right to a jury trial was conditioned on posting the appropriate bond. *Callahan* at 340. Similarly, In *Rogers*, the court held that "if the bond set by the trial court is not posted, a jury is properly waived as a result." *Rogers* at 111. In *MJK Corp*, the court held that MJK's failure to post the required bond served as a waiver of the jury demand. *MJK* at *18.

{¶12} We agree. While Engleman properly asserted her right to a jury trial, her nonpayment of the bond for three months waived that right. Accordingly, the court did not abuse its discretion when it struck the jury demand.

{¶13} The second issue is whether the trial court improperly denied Engleman the opportunity to cure nonpayment of the rent bond. Again, we review a trial court's

decision on a contempt motion for an abuse of discretion.

**{¶14}** Ohio courts recognize a distinction between direct contempt and indirect contempt. "A direct contempt is one committed in the presence of or so near the court as to obstruct the due and orderly administration of justice." *In re Mallory-Nichols*, 2023-Ohio-3982, ¶ 20 (8th Dist.), quoting *In re Lands*, 146 Ohio St. 589, 595 (1946). Direct contempt is understood as that which "takes place in the presence of the court, and indirect contempt is all other contempt." *Id.*, quoting *Cincinnati v. Cincinnati Dist. Council 51*, 35 Ohio St.2d 197, 202 (1973).

**{¶15}** Here, the nonpayment of the bond is indirect contempt. It is important to note that this case is civil and not criminal. The purpose of a sanction in civil contempt cases "is to coerce the contemnor in order to obtain compliance with the lawful orders of the court." *State v. Kilbane*, 61 Ohio St.2d 201, 205 (1980), quoting *State v. United Steelworkers of America*, 172 Ohio St. 75, 82 (1961). As Engleman argues, the court did not provide her with an opportunity to cure or purge the contempt but rather granted Landlord's motion and denied her request to make payments. We have previously held that with civil contempt, "the sanction must provide an opportunity to purge the contempt." *In re Ayer*, 119 Ohio App.3d 571, 577 (1st Dist. 1997). We stated that "[o]nce the contemnor chooses to comply with the court's order, the purpose of the sanction is achieved and the sanction should be discontinued." *Id.* Likewise, the Third District in *Frey* held that "any sanction for civil contempt *must* allow the party who is in contempt an opportunity to purge the contempt." *Frey v. Frey*, 197 Ohio App.3d 273, 281 (3d Dist. 2011), citing *Carroll v. Detty*, 113 Ohio App.3d 708. 712 (4th Dist. 1996).

**{¶16}** The trial court should have provided Engleman an opportunity to purge her civil contempt. At least, like in *Ayer*, the trial court should have provided

conditional sanctions to coerce compliance with payment of the bond. The court could have set the matter for a bench trial at its earliest setting and allowed payment before trial as a condition to reinstate the jury demand. However, this did not happen. The court abused its discretion when it did not provide Engleman such an opportunity. Because the trial court did not allow Engleman an opportunity to purge her contempt and instead granted an immediate writ, the trial court abused its discretion. The court did not abuse its discretion in striking the jury demand, but it did abuse its discretion in failing to offer Engleman an opportunity to purge her contempt. Accordingly, we sustain her second assignment of error in part and overrule it in part.

### III. Conclusion

{¶17} Based on the foregoing, we sustain Engleman's first assignment of error and remand the case for trial. We sustain her second assignment of error in part and overrule it in part. The trial court did not abuse its discretion when it struck the jury demand but should have allowed Engleman an opportunity to cure the contempt.

Judgment reversed and cause remanded.

**KINSLEY, P.J.,** and **ZAYAS, J.,** concur.