[Cite as *In re Q.R.*, 2026-Ohio-341.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: Q.R. | : | APPEAL NO. C-250061 |
| | | TRIAL NO. F/19/516 Z |
| | : | |
| | : | *JUDGMENT ENTRY* |
| | : | |

This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 2/4/2026 per order of the court.**

**By:**_____
       **Administrative Judge**

[Cite as *In re Q.R.*, 2026-Ohio-341.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

IN RE: Q.R.

:

:

:

:

APPEAL NO. C-250061
TRIAL NO. F/19/516 Z

*O P I N I O N*

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: February 4, 2026

Appellant Mother, pro se,

*Victor D. Sims*, for Appellee Father.

**NESTOR, Judge.**

{¶1} For failing to comply with the juvenile court's order outlining scheduled parenting time, the juvenile court found Mother in contempt. Mother contests this finding on appeal. Because we conclude that Mother understood she had a duty to comply with the grace period in the parenting time order, we affirm the judgment of the juvenile court.

### I. Factual and Procedural History

{¶2} Mother and Father were involved in a custody dispute over their daughter, Q.R. The magistrate granted custody of Q.R. to Mother on March 15, 2022. On November 7, 2022, the juvenile court adopted the magistrate's decision. The details of the custody proceedings are not relevant to this appeal.

{¶3} The court's November 7 order granting custody to Mother outlined a shared parenting schedule. On the days that Father had scheduled parenting time, Mother was to bring Q.R. to the police station to complete the exchange. The order states "Mother or her designated person who brings the child to the exchange has no duty to wait more than 30 minutes for Father to arrive."

{¶4} Father filed several motions for contempt. The motions argue that Mother failed to abide by the court's shared parenting schedule and prevented Father from exercising his parenting time.

{¶5} The magistrate held a hearing on these motions on November 12, 2023. Mother testified that she "usually wait[s] 15 to 20 minutes for [Father] to show." However, she testified that she does not always afford Father the full 30 minutes because waiting causes Q.R. distress.

{¶6} The magistrate found Mother in contempt for not waiting the full 30 minutes. The magistrate imposed 30 days in jail and a $250 fine, both of which were

stayed if Mother purged the contempt. Mother could purge the contempt by allowing father make-up parenting time.

{¶7} Mother objected to the magistrate's decision on December 19, 2023. The trial court dismissed these objections on May 9, 2024.

{¶8} Two attempted appeals followed. Mother first attempted to appeal the dismissal of her objections on June 7, 2024. This court dismissed that appeal for lack of a final appealable order on June 26, 2024. Mother attempted to appeal a second time on October 9, 2024. This court dismissed that appeal on October 31, 2024, as the juvenile court had "failed to separately set forth the terms of the judgment and the relief to which the parties are entitled."

{¶9} The juvenile court entered a final appealable order on January 23, 2025. The current appeal followed.

## II. Analysis

{¶10} Mother asserts four assignments of error related to the contempt finding. First, she argues that the juvenile court abused its discretion by finding her in contempt. Second, she argues that the juvenile court abused its discretion by failing to find that Father's unclean hands barred the court from finding her in contempt. Next, Mother argues that the juvenile court erred by dismissing her objections. Finally, Mother argues that the trial court abused its discretion by awarding attorney's fees to Father.

### A. First Assignment of Error

{¶11} Mother's first assignment of error asserts that the juvenile court abused its discretion by finding her in contempt. She argues that the juvenile court's shared parenting order is vague, ambiguous, and subject to dual interpretations.

{¶12} We review a trial court's ruling on a contempt motion for an abuse of

discretion. *OTR Hous. Assocs. Ltd. v. Engleman*, 2025-Ohio-3171, ¶ 9 (1st Dist.), citing *In re G.W.*, 2024-Ohio-1551, ¶ 13 (1st Dist.), citing *Morrison v. Walters*, 2023-Ohio-2887, ¶ 19 (1st Dist.), citing *Wolf v. Wolf*, 2010-Ohio-2762, ¶ 4 (1st Dist.). A trial court abuses its discretion by "[exercising] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Id.*, citing *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. An abuse of discretion "'implies that the court's attitude is arbitrary, unreasonable, or unconscionable.'" *Id.*, quoting *Hayes v. Durrani*, 2021-Ohio-725, ¶ 8 (1st Dist.), quoting *Boolchand v. Boolchand*, 2020-Ohio-6951, ¶ 9 (1st Dist.). It is highly deferential, and does not allow this court to substitute its judgment for that of the trial court. *Id.*, citing *State v. Pittman*, 2023-Ohio-1990, ¶ 10 (1st Dist.).

**{¶13}** "'A prima facie case of civil contempt is made when the moving party proves both the existence of a court order and the nonmoving party's noncompliance with the terms of that order.'" *Morrison* at ¶ 19, quoting *Wolf* at ¶ 4. The parties do not dispute the existence of the court order. Thus, we look to whether Mother failed to comply with the terms of that order.

**{¶14}** The juvenile court's order states that Mother "has no duty to wait more than 30 minutes for Father to arrive[.]" Mother's testimony indicates an understanding of this 30-minute grace period. She recognizes that "there is a 30-minute allowed time at the grace period, but [Father] is habitually late, and this causes my daughter distress."

**{¶15}** Regardless of any ambiguity, Mother affirmed during her testimony that she understood that she had a duty to wait the whole 30 minutes. Her testimony negates her claim that the order is ambiguous. Accordingly, the juvenile court did not abuse its discretion by finding her in contempt.

{¶16}  The first assignment of error is overruled.

### B.  Second Assignment of Error

{¶17}  In her second assignment of error, Mother argues that the juvenile court abused its discretion by failing to find that Father's unclean hands barred any contempt finding against her.  In support of her argument, Mother testified that Father's tardiness makes Q.R. anxious, and that Father is verbally abusive to her in front of Q.R.

{¶18}  However, Mother does not assert any unclean hands defense in her objections to the magistrate's decision, or anywhere else in the record.  Because Mother failed to raise the argument below, she has waived the argument for appellate review.  *See Crutcher v. Oncology/Hematology Care*, *Inc.*, 2022-Ohio-4105, ¶ 23 (1st Dist.) (where appellant failed to assert the doctrine of unclean hands in the trial court, the appellate court refused to consider the issue).  "It is well established that arguments a party fails to raise in the trial-court cannot be considered for the first time on appeal."  *Id.*, quoting *HSBC Bank USA*, *Natl. Assn. v. Banks*, 2022-Ohio-3044, ¶ 22 (8th Dist.)

{¶19}  The second assignment of error is overruled.

### C.  Third Assignment of Error

{¶20}  Next, Mother argues that the juvenile court erred by dismissing her objections to the magistrate's decision for failing to perfect service.  We review a trial court's finding regarding service of process for an abuse of discretion.  *Simpson v. Simpson*, 2024-Ohio-4, ¶ 29 (1st Dist.).

{¶21}  The Ohio Rules of Juvenile Procedure provide that "[s]ervice . . . shall be made in the manner provided in Civ.R. 5(B)."  Juv.R. 20(B).  Civ.R. 5(B) states that service may be effected via United States mail.  Civ.R. 5(B)(2)(c).  "The served

document shall be accompanied by a completed proof of service which shall state the date and manner of service, specifically identify the division of Civ.R. 5(B)(2) by which the service was made, and be signed[.]" Civ.R. 5(B)(4).

**{¶22}** Mother's objections include the required certificate of service, certifying that service was effected via United States mail to Father's counsel on December 19, 2023. Thus, because it appears that Mother complied with service requirements under the Ohio Rules of Civil Procedure, there is a presumption of proper service. *Stansberry v. Theetge*, 2025-Ohio-4650, ¶ 9 (1st Dist.).

**{¶23}** However, "[a] failure of service may also occur where 'the defendant does not receive the [document], even though the plaintiff complied with the civil rules and service was made at an address where the plaintiff could reasonably anticipate that the defendant would receive it.'" *Chuang Dev. LLC v. Raina*, 2017-Ohio-3000, ¶ 32 (10th Dist.), quoting *Erin Capital Mgt., LLC v. Fournier*, 2012-Ohio-939, ¶ 19 (10th Dist.), citing *Rafalski v. Oates*, 17 Ohio App.3d 65, 66-67 (8th Dist. 1984). It is within the trial court's discretion to "'assess the credibility and competency of the submitted evidence demonstrating non-service.'" *Id.*, quoting *Bowling v. Grange Mut. Cas. Co.*, 2005-Ohio-5924, ¶ 33 (10th Dist.).

**{¶24}** The juvenile court conducted a hearing on Mother's objections on May 9, 2024. The juvenile court's order dismissing Mother's objections states "[Mother] did not perfect service in this matter. Objection is dismissed."

**{¶25}** Mother does not provide a transcript of the hearing where the juvenile court dismissed her objections. Without a transcript, this court must presume "the regularity of the proceeding." *Ndiathe v. Ndiath*, 2025-Ohio-4828, ¶ 13 (1st Dist.). And, "'the determination by the trial court of the question of sufficiency of service of process is a matter in its sound discretion.'" *Bayliss v. Abubaker Atiq Durrani*, 2022-

Ohio-914, ¶ 6 (1st Dist.), quoting *Bell v. Midwestern Educational Servs.*, 89 Ohio App.3d 193, 203 (2d Dist. 1993).

**{¶26}** Because we must presume the regularity of the proceeding, and the determination of sufficiency of service is within the trial court's discretion, we cannot disturb the trial court's judgment on appeal.

**{¶27}** The third assignment of error is overruled.

### D. Fourth Assignment of Error

**{¶28}** Finally, Mother argues that the trial court erred by awarding Father $1,000 in attorney's fees. We review a trial court's award of attorney's fees for an abuse of discretion. *Dornette v. Green Bldg. Consulting LLC,* 2025-Ohio-4944, ¶ 28 (1st Dist.). The record must contain evidence as to the reasonableness of the fees. *Morrison*, 2023-Ohio-2887, at ¶ 15 (1st Dist.), citing *Zerbe v. Zerbe,* 2005-Ohio-1180, ¶ 5 (1st Dist.).

**{¶29}** In support of his motion for attorney's fees, Father submitted a billing statement from his attorney. The statement shows that Father's attorney rendered $4,025 worth of services. Ultimately, the trial court reduced the award to $1,000, without providing any explanation for the deduction.

**{¶30}** The amount of attorney's fees "'is within the sound discretion of the trial court. Unless the amount of fees determined is so high or so low as to shock the conscience, an appellate court will not interfere.'" *Bittner v. Tri-County Toyota, Inc.*, 58 Ohio St.3d 143, 146 (1991), quoting *Brooks v. Hurst Buick-Pontiac-Olds-GMC, Inc.*, 23 Ohio App.3d 85, 91 (12th Dist. 1985).

**{¶31}** We cannot say that an award of $1,000, reduced from a requested $4,025, "shock[s] the conscience." *Id.* The trial court, in its discretion, determined that a reduced award was more appropriate under the circumstances. This court will

not interfere.

**{¶32}**  The fourth assignment of error is overruled.

### *III.  Conclusion*

**{¶33}**  Having overruled all four of Mother's assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**BOCK, P.J.,** and **MOORE, J.,** concur.