OPINION
{¶ 1} Defendant-appellant, John M. Straka, appeals the November 29, 2005 judgment of the Paulding County Court, finding him guilty on one count of menacing in violation of R.C. 2903.22, a fourth degree misdemeanor. In this appeal, Straka claims that the trial court denied his Sixth Amendment right to trial by jury. Although this appeal has been placed on the accelerated calendar, this court elects to issue a full opinion pursuant to Loc.R. 12(5).
 {¶ 2} Unfortunately, no transcript of the proceedings below has been filed and neither party has provided an account of the underlying facts of the case. The only factual account of what happened is contained in an incident report filed with the Paulding Police Department. The report contains a statement given by the victim, Dave Albert, in which he claims that Straka verbally threatened him while he was making a purchase at an auto parts store. Albert claimed that Straka said that he would choke him with an engine belt and that he would bring a couple of guys into town to "take care of him." Albert also stated that when Straka left he pulled up next to Albert's vehicle and threw an open soft drink into the vehicle through an open window. Two employees of the store also gave statements confirming Albert's account of what happened.
 {¶ 3} Straka was initially charged with one count of menacing and one count of criminal damaging in violation of R.C.2909.06(A)(1). Following a bench trial, Straka was acquitted on the charge of criminal damaging; however, the trial court convicted Straka on the charge of menacing. The court then sentenced Straka to thirty days in jail with twenty-five days suspended, along with fines and court costs. Straka now appeals his conviction, asserting one assignment of error:
The trial court erred in denying Appellant's motion for trail(sic) by jury.
 {¶ 4} The issue in this appeal deals entirely with a procedural matter concerning Straka's right to a jury trial and whether he filed a timely jury demand. At the outset, we note that in Ohio a criminal defendant's right to be tried by a jury is secured by Article I, Section 10 of the Ohio Constitution and R.C. 2945.17. This right extends to Straka in the instant case, because he faced a potential prison sentence for the offenses charged. See State v. Tate (1979), 59 Ohio St.2d 50, 51.
 {¶ 5} However, there is no absolute right to a jury trial in cases where the defendant has been charged with misdemeanor offenses. Hoffman v. State (1918), 98 Ohio St. 137; City ofMentor v. Giordano (1967), 9 Ohio St.2d 140. "The guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor * * *."Giordano, 9 Ohio St.2d at ¶ 1 of the syllabus. Thus, it is permissible for the State to require, by statute or rule, an affirmative act on the part of the defendant to demand a jury trial in a misdemeanor case. Id. at 143.
 {¶ 6} Following that principal, Crim.R. 23(A) requires an affirmative act in "petty offense" cases. That rule provides:
In petty offense cases, where there is a right of jury trial,the defendant shall be tried by the court unless he demands ajury trial. Such demand must be in writing and filed with theclerk of court not less than ten days prior to the date set fortrial, or on or before the third day following receipt of noticeof the date set for trial, whichever is later. Failure todemand a jury trial as provided in this subdivision is a completewaiver of the right thereto.
(emphasis added). Moreover, Crim.R. 2 defines a "petty offense" as any misdemeanor that permits a term of confinement for a period of six months or less. Crim.R. 2(C)-(D). Straka was charged with one count of menacing in violation of R.C. 2903.22, a fourth degree misdemeanor, and one count of criminal damaging in violation of R.C. 2909.06(A)(1), a second degree misdemeanor. Those offenses carried maximum potential terms of confinement of thirty and ninety days respectively. R.C. 2929.24(A). Accordingly, pursuant to Crim.R. 23(A) Straka was required to file a written jury demand with the trial court within the period prescribed by the rule. See City of Cleveland Heights v.Jackson, 8th App. No. 82958, 2003-Ohio-6986.
 {¶ 7} The record indicates that on November 16, 2005 the court scheduled the case for a bench trial to be held on November 28, 2005, and that Straka filed a written jury demand on November 22, 2005. Under the first timing mechanism in Crim.R. 23(A), ten days prior to trial would have been November 18, 2005, and Straka clearly did not file his motion within that period. However, under the second mechanism Straka had until the third day following the date of notification to file his motion. That day would have been November 19, 2005, which fell on a Saturday. Pursuant to Crim.R. 45, weekend days are not included in the calculation, giving Straka until the end of the following Monday, which would have been November 21st, to file his jury demand. Crim.R. 45 ("When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in computation."). Therefore, the demand was not timely filed under either timing mechanism provided for in Crim.R. 23(A).
 {¶ 8} Since Straka's jury demand was not timely filed he was not entitled by right to a jury. Thus, we must determine whether the trial court abused its discretion in denying the demand. See City of Tallmadge v. DeGraft-Biney (1988), 39 Ohio St.3d 300,302, 530 N.E.2d 1310 (quoting State v. Edwards (1965),4 Ohio App.2d 261, 266, 208 N.E.2d 758). An abuse of discretion connotes that the trial court's determination is arbitrary, unreasonable, or capricious. State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
 {¶ 9} We find that the trial court did not abuse its discretion in denying Straka's jury demand. The demand was filed a mere six days prior to trial, and the trial court noted that demand was not properly served on the State. Granting Straka a jury trial would have required postponing trial due to the practical realities of forming a jury pool. Moreover, the State had already subpoenaed four witnesses and was ready to proceed to trial on that date.
 {¶ 10} Accordingly, Straka's first assignment of error is overruled, and the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 Bryant, P.J., and Cupp, J., concur.