[Cite as *State v. Hile*, 2017-Ohio-1221.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio

       Appellee

v.

Justin R. Hile

       Appellant

Court of Appeals No. H-16-008

Trial Court No. CRB 1501366

**DECISION AND JUDGMENT**

Decided: March 31, 2017

* * * * *

G. Stuart O'Hara, Jr., Law Director, and Scott M. Christophel,
Assistant Law Director, for appellee.

John M. Felter, for appellant.

* * * * *

**SINGER, J.**

**{¶ 1}** Appellant, Justin Hile, appeals the March 4, 2016 judgment of the Norwalk

Municipal Court convicting him, following a bench trial, of obstruction of official

business in violation of R.C. 2921.31(A), a misdemeanor of the second degree. Finding

no error, we affirm.

**Assignments of Error**

{¶ 2} Appellant sets forth the following assignments of error:

    1. DEFENDANT/APPELLANT DID NOT PROPERLY WAIVE HIS RIGHT TO A JURY TRIAL.

    2. THE COURT'S DECISION WAS NOT BASED ON SUFFICIENT EVIDENCE.

    3. THE COURT'S DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**Background Facts**

{¶ 3} On January 28, 2015, appellant was arrested for outstanding warrants. Appellant was transported to and admitted into the Huron County jail. Upon arriving at the jail, appellant was confrontational with officers.

{¶ 4} Appellant had a puncture wound on his neck which the officers perceived as indication of intravenous drug use. This prompted a more thorough response and intake process, because the officers intended to eliminate the possibility of appellant's drug use affecting his intake or his or other inmates' stay. Included in this more thorough intake process are, among others, procedures such as cavity searches, showers, and drug screening. During the process, appellant was uncooperative.

{¶ 5} Appellant's behavior ranged from refusing drug screening and a shower, using offensive language, ignoring lawful commands, deliberately and physically resisting officers, attempting to kick and injure officers, actually injuring an officer, and

eventually requiring a restraint chair. All this was corroborated by photographic and testimonial evidence at trial.

{¶ 6} On February 6, 2015, appellant was charged with obstructing official business in violation of R.C. 2921.31(A). Appellant was originally bound over to the grand jury on February 24, 2015. However, Huron County prosecutors dismissed the case and it was sent back to Norwalk Municipal Court by way of bill of information.

{¶ 7} On October 21, 2015, appellant pled not guilty to the obstruction of justice. The matter was set for trial on November 3, 2015. At this time, appellant proceeded pro se and appellee moved the court to convert the trial to pretrial because, "in the best interest of justice[,]" appellee desired time "to speak with the pro se defendant." On November 2, 2015, the trial court granted the motion and reset trial for November 10, 2015.

{¶ 8} On November 10, 2015, appellant's counsel made appearance. In so doing, counsel filed a written appearance wherein he also reiterated appellant's not guilty plea, waived time limits, moved to convert the November 10 trial date to a pretrial, and requested full and complete discovery. The written entry/motion made no mention of appellant's request for jury trial, and appellant had not made such request pro se. The matter was reset on numerous occasions, and trial was eventually set for February 24, 2016.

{¶ 9} On February 16, 2016, appellant's counsel moved for another continuance, and the court issued two responding judgments on February 17, 2016. On the docket, one

3.

judgment denied the motion but stated "jury trial" was set for March 4, 2016. However, the corresponding judgment entry makes no mention of a "jury trial" or alternate date. The entry simply reflects a denial of the continuance.

{¶ 10} The second judgment, on both the docket and within its entry, actually reflects the trial date as March 4, 2016. Further, this judgment does not state "jury" when stating that "[t]he matter is continued *for trial* from February 24, 2016 at 9:00 a.m. until March 4, 2016[.]" In fact, the trial was reset for March 4, 2016.

{¶ 11} On March 4, 2016, appellant and his counsel arrived at court prepared for a jury trial. Upon being notified of the trial being tried by the court, appellant and his counsel made no objection and proceeded with the bench trial. Appellant's brief argues this was in an effort to bypass the court denying another continuance because, according to appellant, there was a strong possibility the court would deny the request.

{¶ 12} The bench trial commenced, and photographic and testimonial evidence was presented. One officer, who was the supervisor during the January 28, 2015 intake incident, testified to the occurrences that led to appellant's obstruction of justice charge. The bench trial proceeded and appellant was convicted.

{¶ 13} The judgment was journalized that day. Appellant was fined $400 and sentenced to 90 days incarceration. On March 17, 2016, appellant filed a notice of appeal from the March 4, 2016 judgment.

4.

**Assignment of Error No. 1**

{¶ 14} In the first assignment of error, appellant argues his open court waiver of a jury trial was insufficient to deem his waiver valid. Appellee contends appellant never demanded a jury trial in writing and, to the contrary, accepted and acquiesced to being tried by the bench for his petty offense.

{¶ 15} Crim.R. 23(A) specifically provides:

> In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

*See*, *e.g.*, *State v. Straka*, 3d Dist. Paulding No. 11-06-01, 2006-Ohio-2786, ¶ 5 ("[T]here is no absolute right to a jury trial in cases where the defendant has been charged with misdemeanor offenses.").

{¶ 16} Crim.R. 2 defines a "petty offense" as "a misdemeanor other than a serious offense." *See* Crim.R. 2(D). A "serious offense" is "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Thus, a petty offense is one for which a defendant is at risk of six months incarceration or less. *See City of Toledo v. Prude*, 6th Dist. Lucas No. L-02-1250, 2003-Ohio-3226, ¶ 7.

5.

**{¶ 17}** Here, appellant appeared before the court on October 19, 2015, pled not guilty and, according to appellee's November 2, 2015 motion to convert trial to pretrial, proceeded pro se until his counsel made appearance on November 10, 2015. In counsel's entry of appearance, there is a reiteration of appellant's not guilty plea, a waiver of time, a motion to convert trial, and a request for discovery. The motion does not mention or request a trial by jury, and up until that point, there is no record of appellant requesting a jury trial while proceeding pro se.

**{¶ 18}** Further, the record and appellant reveal that he and his counsel did not challenge the bench trial once provided notice. There is no objection on record, and appellant states in his brief that "[a]fter learning of [no jury trial] * * * Defendant/ Appellant and Counsel made the decision to proceed with bench trial."

**{¶ 19}** Therefore, because appellant was charged with a petty offense, does not point to record of his or counsel's compliance with Crim.R. 23(A), and now challenges an error he knowingly waived by proceeding to trial, we decline to give merit to his first assigned error and it is found not well-taken.

### Assignment of Error No. 2

**{¶ 20}** In the second assignment of error, appellant argues his convictions are not supported by sufficient evidence. Appellee contends sufficient evidence was presented during trial.

**{¶ 21}** In reviewing the record for sufficiency, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier

of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 22} R.C. 2921.31(A) states "[n]o person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within the public official's official capacity, shall do any act that hampers or impedes a public official in the performance of the public official's lawful duties."

{¶ 23} A violation of R.C. 2921.31(A) requires an affirmative act, which is done with intent to hamper or impede, and the act in fact hampers or impedes a public official's performance of lawful duties. *See*, *e.g.*, *State v. Mignard*, 6th Dist. Ottawa Nos. OT-10-007, OT-10-008, 2010-Ohio-5177, ¶ 22.

{¶ 24} Here, we find ample support for appellant's conviction on record. Specifically, the officer testified appellant repeatedly ignored commands, physically resisted officers, attempted to kick officers, and required a restraint chair. Further, based on appellant's offensive language during the incident, we can reasonably infer appellant's actions were deliberately aimed at hampering or impeding the officers' performances. The testifying officer stated how he suffered for seven weeks from a resulting injury, and how appellant's actions otherwise hindered progress of the intake process that evening.

{¶ 25} Therefore, we find any rational trier of fact could have found the essential elements of the crimes proven. The evidence is legally sufficient and this assigned error has no merit and is found not well-taken.

7.

**Assignment of Error No. 3**

{¶ 26} In the third assignment of error, appellant argues his convictions are against the manifest weight. Appellee contends the convictions are amply supported by the record.

{¶ 27} The standard of review for manifest weight is the same in a criminal case as in a civil case, and an appellate court's function is to determine whether the greater amount of credible evidence supports the conviction. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, 972 N.E.2d 517, ¶ 12, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). The appellate court, as if the "thirteenth juror" must review the record, weigh the evidence and all reasonable inferences drawn from it, consider the witnesses' credibility and decide, in resolving any conflicts in the evidence, whether the trier-of-fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *See State v. Steed*, 6th Dist. Wood No. WD-15-069, 2016-Ohio-8088, ¶ 51, citing *State v. Prescott*, 190 Ohio App.3d 702, 2010-Ohio 6048, 943 N.E.2d 1092 (6th Dist.).

{¶ 28} Here, there is competent, credible evidence to support each element of appellant's obstruction of justice charge. As articulated above, appellant committed affirmative acts which were intended and did in fact hinder or impede the progress of the officers. Moreover, the greater amount of credible evidence amply supports the verdicts reached because there was no conflict in the evidence presented at trial. This is not the exceptional case in which the evidence weighs heavily against conviction.

8.

**{¶ 29}** Accordingly, we find there is no indication the court lost its way or otherwise created a manifest miscarriage of justice. The third assignment of error is found not well-taken.

## Conclusion

**{¶ 30}** For the foregoing reasons, the judgment of the Norwalk Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE