[Cite as *RTO Funding, L.L.C. v. Bryant*, 2023-Ohio-1775.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

RTO Funding, LLC

    Appellee

v.

Danielle Bryant

    Appellant

Court of Appeals No. L-22-1160

Trial Court No. CVG-22-06458

**DECISION AND JUDGMENT**

Decided: May 26, 2023

* * * * *

Danielle Bryant, Pro se.

* * * * *

**SULEK, J.**

{¶ 1} Appellant, Danielle Bryant, appeals the June 15, 2022 judgment of the Toledo Municipal Court granting restitution of real property to appellee, RTO Funding, LLC, in a forcible entry and detainer action. For the reasons that follow, the trial court's judgment is affirmed.

## I. History

{¶ 2} On May 26, 2022, RTO filed a "Landlord's Complaint" seeking to evict Bryant and co-lessee, James Washington, from real property owned by RTO and located in Toledo, Ohio. The complaint alleged that the pair failed to pay rent and incurred late fees. The rental agreement and the required three-day notice under R.C. 1923.04 were attached to the complaint.

{¶ 3} The eviction hearing was held before a magistrate on June 13, 2022. With the defendants' consent, the magistrate entered judgment in favor of RTO on its eviction claim. The court stayed the execution of the writ of restitution under the following conditions: "Defendants agree to pay $1,200 on June 13, 2022; $1,000 on June 24, 2022; and the remining balance by June 28, 2022. If defendant pays, plaintiff will dismiss. If defendant fails to pay, stay on writ to execute." The magistrate granted defendants until July 11, 2022 to file an answer to RTO's damages claim. The next day, the magistrate's decision was adopted by the court. Both entries were journalized on June 15, 2022. On July 5, 2022, a writ of restitution was issued. Bryant filed a notice of appeal on July 11, 2022.

## II. Assignment of Error

{¶ 4} Bryant raises the following assignment of error:

> Assignment of Error: The trial court erred in ordering a judgment in favor of plaintiff-appellee.

2.

## III. Law and Analysis

**{¶ 5}** Bryant's sole assignment of error raises multiple arguments. She first argues that the trial court lacked jurisdiction over this forcible entry and detainer action to evict her from RTO's real property.

**{¶ 6}** R.C. 1901.18(A)(8) grants jurisdiction to municipal courts in any action of forcible entry and detainer. "A forcible entry and detainer action is a statutory proceeding used to determine the right to present possession of real property." *Eckart v. Newman*, 6th Dist. Williams No. WM-18-006, 2019-Ohio-3211, ¶ 9, citing R.C. 1923.01 *et seq.*; *Haas v. Gerski*, 175 Ohio St. 327, 329, 194 N.E.2d 765 (1963). "'It is an action to obtain possession or repossession of real property which had been transferred from one to another pursuant to contract'–for example, a lease or land installment contract." *Id.*, quoting *Behrle v. Beam*, 6 Ohio St.3d 41, 44, 451 N.E.2d 237 (1983).

**{¶ 7}** Here, RTO's complaint alleged that Bryant and Washington leased certain real property from RTO and that as a result of non-payment of rent and late charges, they unlawfully and forcibly detained RTO from possessing the property. RTO demanded restitution of the premises. Thus, this is an action to obtain repossession of real property that was transferred from RTO to Bryant and Washington pursuant to a lease agreement. Bryant's suggestion that RTO's claims must be pursued as a foreclosure action in common pleas court is erroneous as she did not have a possessory interest in the property. Accordingly, Toledo Municipal Court had subject matter jurisdiction over the complaint.

3.

**{¶ 8}** Bryant next argues that the trial court erred in ordering a judgment in favor of RTO because the trial court: (1) failed to afford her the opportunity to obtain counsel; and (2) adopted the magistrate's decision without affording her the opportunity to file written objections. These arguments are waived because she consented to the trial court's judgment resolving the eviction claim and did not reserve the right to appeal these issues.

**{¶ 9}** "'A judgment entry to which the parties voluntarily agree and/or consent is essentially a contract between the parties.'" *Capital Income & Growth Fund, LLC v. Hanson*, 6th Dist. Lucas Nos. L-15-1163, L-15-1153, 2016-Ohio-2973, ¶ 7, quoting *Deutsche Bank Natl. Trust Co. Americas v. Weber*, 12th Dist. Butler No. CA2009-10-264, 2010-Ohio-1630, ¶ 13. "Therefore, a party to a consent decree cannot generally appeal the consent judgment." *Id.* "An appeal is allowed if the party has expressly reserved the right to appeal a contested issue, * * * the party disputes what matters are covered by the consent judgment, * * * or the party disputes the court's subject-matter jurisdiction[.]" (Citations omitted.) *Id.*

**{¶ 10}** The trial court's judgment entry indicates judgment was entered in favor of RTO on the eviction claim with Bryant's consent. Nothing in record demonstrates that Bryant expressly reserved the right to appeal any contested issue as to the eviction claim. Thus, she cannot appeal the consent judgment.

**{¶ 11}** Finally, Bryant argues that the trial court's judgment in favor of RTO on its damages claim was in error. Upon review, the June 15, 2022 judgment appealed from

4.

granted RTO a writ of restitution, it did not determine the damages claim. This court has recognized that the damages claim in a forcible entry and detainer action need not be decided before the appeal on the eviction. *Nofzinger v. Blood*, 6th Dist. Huron No. H-03-021, 2004-Ohio-2461, ¶ 11, citing *Skillman v. Browne*, 68 Ohio App.3d 615, 589 N.E.2d 407 (6th Dist.1990). Bryant's argument lacks merit. Based on the foregoing, Bryant's assignment of error is not well-taken.

### IV. Conclusion

{¶ 12} Upon due consideration, the Toledo Municipal Court's June 15, 2022 judgment is affirmed. Pursuant to App.R. 24, Bryant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

_____
JUDGE

Myron C. Duhart, P.J.

_____

Charles E. Sulek, J.
CONCUR.

JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.