**[Cite as *State v. May*, 2025-Ohio-1038.]**

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DENNIS MAY, JR., | : | Case No. 24-COA-022 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Ashland County
                             Municipal Court, Case No.
                             23CRB01261

JUDGMENT:                    Affirmed

DATE OF JUDGMENT:            March 24, 2025

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

ANDREW N. BUSH                        JOSEPH P. KEARNS, JR.
Assistant Director of Law             Mason, Mason & Kearns
1213 E. Main Street                   P.O. Box 345
Ashland, Ohio 44805                   153 West Main Street
                                      Ashland, Ohio 44805

*Baldwin, P.J.*

{¶1}   The appellant, Dennis May, Jr., appeals his conviction on the charge of assault. Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND THE CASE**

{¶2}   The appellant was in a romantic relationship with B.D. On or about December 6, 2023, they were visiting B.D.'s aunt at her trailer in Ashland, Ohio. Also present were victim W.M., B.D.'s brother, and a number of other individuals. The appellant and B.D. entered the bathroom and shut the door in order to engage in sex. An altercation occurred in which the bathroom door was knocked or kicked open, and the appellant allegedly struck W.M., described by the appellee as "MRDD", multiple times about the face. W.M. later went to the hospital where he received treatment for a fractured orbital bone, including approximately twenty-two stiches under his eye and on his eyebrow for a severe laceration. Officer Osicka of the Ashland City Police Department investigated the incident. A Complaint and Summons was personally served upon the appellant on December 14, 2023, charging the appellant with assault in violation of R.C. 2903.13, a first degree misdemeanor, and ordering him to appear in court on December 19, 2023.

{¶3}   The appellant was arraigned in the Ashland Municipal Court on December 19, 2023, at which time he pleaded not guilty and requested the appointment of counsel. The appellant was appointed counsel on December 20, 2023, and the matter was scheduled for a pre-trial on January 12, 2024.

{¶4}   The record establishes that on January 12, 2024, the appellant signed a Waiver of Judicial Arraignment/Trial form which stated that he was fully advised of his right to appear before a judge in the trial court, and waived said right and elected to appear

before the assigned magistrate in court on said date. The form also provided that the appellant understood that he had the right to file an objection to the Magistrate's Decision. The form was signed by both the appellant and his attorney. In addition, a Notice was issued on January 12, 2024, scheduling the matter for trial on April 18, 2024. No further record of the January 12, 2024, pre-trial proceedings are contained in the record.

{¶5}    The appellant filed a Jury Demand on April 11, 2024, just seven days before the scheduled trial date. On April 12, 2024, the trial court issued a Judgment Entry in which it noted that the appellant had been given a written Notice of the April 18, 2024, trial date on January 12, 2024, and that further written Notice was mailed to him on the same date, and denied appellant's jury demand as untimely.  No request for continuance was made by the trial counsel, and the trial date was not otherwise continued. The trial proceeded on April 18, 2024, without objection.

{¶6}    The appellant was convicted of assault following the bench trial, and filed a timely appeal in which he sets forth the following two assignments of error:

{¶7}    "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE APPELLANT HIS RIGHT TO A TRIAL BY JURY."

{¶8}    "II. THE APPELLANT WAS DENIED EFFECTIVE ASSISTENCE [SIC] OF LEGAL COUNSEL IN HIS CRIMINAL CASE."

### *Assignment of Error Number I*

{¶9}    The appellant submits in his first assignment of error that the trial court abused its discretion when it denied his untimely request for a trial by jury. We disagree.

## STANDARD OF REVIEW

**{¶10}** The standard of review of a trial court's denial of an untimely jury demand is abuse of discretion. *State v. Straka*, 2006-Ohio-2786, ¶8 (3rd Dist.), citing *City of Tallmadge v. DeGraft-Biney*, 39 Ohio St.3d 300, 302 (1988). In order to find an abuse of discretion, we must find that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## ANALYSIS

**{¶11}** In Ohio, a criminal defendant's right to be tried by a jury is guaranteed by Art. I, Sec. 10 of the Ohio Constitution and R.C. 2945.17. This right extends to the appellant herein, as he was charged with a first degree misdemeanor for which he faced a potential sentence of up to 180 days in jail. However, as set forth by the court in *Straka, supra*:

> . . . there is no absolute right to a jury trial in cases where the defendant has been charged with misdemeanor offenses. *Hoffman v. State* (1918), 98 Ohio St. 137; *City of Mentor v. Giordano* (1967), 9 Ohio St.2d 140. "The guarantee of a jury trial in criminal cases contained in the state and federal Constitutions is not an absolute and unrestricted right in Ohio with respect to misdemeanors, and a statute, ordinance or authorized rule of court may validly condition the right to a jury trial in such a case on a written demand therefor * * *." *Giordano,* 9 Ohio St.2d at ¶ 1 of the syllabus. Thus, it is permissible for the State to require, by statute or rule, an

affirmative act on the part of the defendant to demand a jury trial in a

misdemeanor case. Id. at 143.

*Id.* at ¶ 5.

**{¶12}** Rule 23 of the Ohio Rules of Criminal Procedure governs trials by jury or by

the court, and provides in pertinent part:

> **(A) Trial by Jury.** . . . In petty offense cases, where there is a right
>
> of jury trial, the defendant shall be tried by the court unless he demands a
>
> jury trial. Such demand must be in writing and filed with the clerk of court
>
> not less than ten days prior to the date set for trial, or on or before the third
>
> day following receipt of notice of the date set for trial, whichever is later.
>
> Failure to demand a jury trial as provided in this subdivision is a complete
>
> waiver of the right thereto.

In the case sub judice, the appellant was notified of the April 18, 2024, trial date at the

January 12, 2024, pretrial. In addition, a formal Notice of the April 18, 2024, trial date was

mailed to the appellant on the same day. Although the appellant submits in his appellate

brief that he requested a jury demand during the pretrial, he provides no reference to the

record regarding the purported request, and our review of the record reveals nothing to

support this argument.

**{¶13}** On January 12, 2024, the trial court set the matter for trial on April 18, 2024.

Thus, the appellant was required to file his written jury demand with the clerk of court by

no later than ten days prior to the date set for trial – or April 8, 2024. The appellant's jury

demand was filed on April 11, 2024, and was therefore untimely under the timing

mechanism provided for in Crim.R. 23(A). The demand was made only four business

days before trial was scheduled to begin; granting the appellant a jury trial would have necessitated postponing the trial in order to seat a jury, and the appellee had already subpoenaed a number of witnesses and was prepared to proceed on the April 18, 2024, trial date. We cannot say that the trial court acted unreasonably, arbitrarily, or unconscionably when it denied the appellant's untimely request for a trial by jury.

{¶14} Furthermore, the appellant made no objection on the record to the fact that the matter proceeded as a bench trial, nor did he file a motion to continue the trial date in order to extend the deadline for filing a jury demand. Accordingly, we find his first assignment of error to be without merit.

### *Assignment of Error Number II*

{¶15} The appellant submits in his second assignment of error that he was denied effective assistance of counsel. We disagree.

### STANDARD OF REVIEW

{¶16} The standard of review for ineffective assistance of counsel was set forth in the seminal case of *Strickland v. Washington,* 466 U.S. 668 (1984), and was discussed by this court in *Mansfield v. Studer,* 2012-Ohio-4840 (5th Dist.):

A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838 (1993); *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct.

2052(1984); *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance,* 556 U.S. 111, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251(2009).

To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland v. Washington* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the

wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064.

In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064.

*Studer, supra,* at ¶¶ 58-61. Thus, in order to prevail on an ineffective assistance of counsel argument the appellant must establish two prongs: first, that his trial counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of an essential duty to the appellant; and, second, that the appellant was prejudiced by such the alleged ineffectiveness.

## ANALYSIS

**{¶17}** The issue of whether failure to file a timely request for a jury trial in a misdemeanor case constitutes ineffective assistance of counsel was addressed by the court in *State v. Patrick,* 2004-Ohio-6688 (11th Dist.):

> Here, the charges were petty, and thus, the right to a jury trial was not mandatory, but was available on demand. The demand did not conform with any of the provisions of Crim.R. 23(A) since it was an oral demand made for jury trial on the very day of the scheduled trial. We note this court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post* (1987), 32 Ohio St.3d 380, 388, 513 N.E.2d 754. Apart from defense counsel's questionable trial strategy, we might presumably find a deficiency in not conforming the demand for a jury trial to Crim.R. 23. However, it is our position that the record does not demonstrate that the lack of a jury trial prejudiced the outcome or would have created any substantial difference in the outcome. Therefore, concerning trial counsel's failure to timely file a request for a jury trial, it is our position that this was a strategic decision which may not serve as evidence of counsel's deficient performance.

*Id.* at ¶33.

**{¶18}** So, too, must we defer to the strategic decision made by the appellant's trial counsel to proceed with the scheduled bench trial. Strategic assessments cannot provide the bases for reversal, particularly without a showing of prejudice. As set forth in

*Strickland, supra,* "[r]epresentation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Id.* at 693.

**{¶19}** Further, there is simply no evidence that the lack of a jury prejudiced the outcome or would have created a substantial difference in the outcome. The trial court ascertained the veracity of the witnesses, including the victim, and the appellant whom it found to be lacking in credibility. The evidence established that the appellant struck the developmentally disabled victim multiple times about the head and face, causing a fracture to his orbital bone, and a severe laceration around his eye requiring approximately twenty-two stiches. The victim testified during trial that he was still experiencing blurred vision in said eye. The trial court noted at sentencing that it was "hard to fathom a more serious assault still being a misdemeanor when a man gets his eye socket fractured and he still today, I mean, we are what, five months after these events and he is still having trouble with his vision. To me that is a felony level assault, but certainly as a misdemeanor is as bad as they come."

**{¶20}** The decision to not further pursue a jury in the matter was arguably a strategic decision, and is therefore not evidence of a deficient performance The appellant cannot overcome the first prong of the *Strickland* test, let alone show prejudice. As such, his second assignment of error is without merit.

## CONCLUSION

**{¶21}** Based upon the foregoing, we find the appellant's assignments of error numbers one and two are without merit, and are therefore overruled. The judgment of the Ashland County Municipal Court is hereby affirmed.

By: Baldwin, P.J.

Hoffman, J. and

King, J. concur.