[Cite as *DNW Properties III, L.L.C. v. Tucker*, 2026-Ohio-1342.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DNW PROPERTIES III, LLC, | Case No. 2025CA00090 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Canton Municipal Court, Stark County, Ohio, Case No. 2024CVG3590 |
| DAVID TUCKER AND ALL OTHER OCCUPANTS, | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: April 8, 2026 |

**BEFORE:** Robert G. Montgomery; Kevin W. Popham; David M. Gormley, Judges

**APPEARANCES:** IVAN L. REDINGER, JR., for Plaintiff-Appellee; JEFFREY JAKMIDES and JULIE A. JAKMIDES, for Defendant-Appellant.

*Montgomery, J.*

**{¶1}** Defendant-Appellant, David Tucker ("Appellant"), appeals from the judgment of the Canton Municipal Court in Stark County finding in favor of DNW in its forcible entry and detainer action, and finding that Appellant waived his right to a jury trial. For the reasons below, we AFFIRM.

### STATEMENT OF FACTS AND CASE

**{¶2}** DNW Properties, III, LLC ("DNW") is the owner and landlord of the premises located at 2425 Midway Ave. NE, in Louisville, Ohio, where Appellant was a tenant pursuant to an oral month-to-month lease. On May 1, 2024, DNW served

Appellant with written notice of termination of his month-to-month tenancy, effective May 31, 2024. Appellant did not vacate and continued to reside at the premises after May 31, 2024. On June 27, 2024, pursuant to R.C. 1923.04(A), Appellant was served with written notice to vacate. Again, Appellant did not leave. On July 3, 2024, DNW filed a complaint against Appellant for forcible entry and detainer.

{¶3} That same day, a copy of the summons and complaint was sent to Appellant by the clerk of court via ordinary mail. The ordinary mail was not returned, and Appellant is presumed to have received it. On July 17, 2024, the court's bailiff posted a copy of the eviction notice on Appellant's front door. *See* R.C. 1923.06(D)(2)(c). The next day, July 18, 2024, the bailiff returned process of service to the clerk of court. *See* R.C. 1923.06(D)(3). On July 24, 2024, Appellant filed a notice of appearance of counsel, an answer, a counterclaim, and a jury demand. On October 29, 2024, the trial court granted DNW's motion to strike Appellant's jury demand. That same day, Appellant's counterclaim was transferred to the Court of Common Pleas and remains pending. On November 14, 2024, Appellant appealed the ruling denying him a jury trial, and on April 2, 2025, this Court denied the appeal for lack of a final appealable order.

{¶4} Eventually, on May 1, 2025, a trial on the eviction complaint took place. Appellant appeared and was represented by counsel. On May 7, 2025, the Magistrate filed its Report and recommended that DNW be granted a writ of restitution and that DNW was entitled to possession of the premises. On May 12, 2025, the trial court approved and adopted the Report. On May 21, 2025, Appellant filed an objection claiming solely that Appellant was denied his constitutional right to a jury trial. The trial court overruled the objection and reapproved and adopted the Magistrate's Report. Appellant filed the

instant appeal.  At the time of the briefing for this appeal, Appellant continued to occupy the subject premises (more than 1.5 years since the initial notice to vacate).

## SOLE ASSIGNMENT OF ERROR

{¶5}  "I.  THE TRIAL COURT ERRED [IN] DENYING THE DEFENDANT HIS RIGHT TO A JURY TRIAL, AS GUARANTEED BY THE UNITED STATES CONSTITUTION, OHIO CONSTITUTION, AND RULE 38 OF THE OHIO RULES OF CIVIL PROCEDURE."

## STANDARD OF REVIEW

{¶6}  Appellant's sole assignment of error claims the trial court denied him his right to a jury trial as guaranteed by the United States and Ohio Constitutions, and Civ.R. 38(B), by finding that his jury demand was untimely under R.C. 1923.09(A).  Appellant argues that "R.C. 1923.09(A) is unconstitutional" and denies him and other litigants their right to a jury trial in forcible entry and detainer actions.

{¶7}  This Court reviews constitutional challenges de novo. *See Cleveland v. State*, 2019-Ohio-3820, ¶ 15.  In so doing, "we must acknowledge that legislative enactments are entitled to a strong presumption of constitutionality." *State v. Powers*, 2022-Ohio-2233, ¶ 17 (9th Dist.)., citing *State ex rel. Ohio Cong. of Parents & Teachers v. State Bd. of Edn.*, 2006-Ohio-5512, ¶ 20.  We presume that General Assembly enactments are constitutional, and before a court may declare it unconstitutional "it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible." *State v. Brown,* 2010-Ohio-4546, ¶ 9 (3d Dist.), quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142 (1955), paragraph one of syllabus.

{¶8}  There are two types of challenges to the constitutionality of a statute, a facial challenge or an as-applied challenge.  "In a facial challenge, 'the challenger must show that upon examining a statute, an individual of ordinary intelligence would not

understand what he is required to do under the law'." *State v. Baum*, 2020-Ohio-5268, ¶14 (5th Dist.) citing, *State v. Anderson*, 57 Ohio St.3d 168 (1971). Facial challenges are the most difficult to be successful, since the challenger must establish that no set of circumstances exists under which the statute would be valid. *Wymsylo v. Bartec, Inc.*, 2012-Ohio-2187, ¶ 27, citing *United States v. Salerno*, 481 U.S. 739, 745 (1987).

{¶9} An as-applied challenge "contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, [is] unconstitutional." *State v. Lowe*, 2007-Ohio-606, ¶ 17. The practical effect of holding a statute unconstitutional as applied is to prevent its future application in a similar context, but not to render it inoperative under all circumstances. *Bartec*, at ¶ 22, citing *Yajnik v. Akron Dept. of Health, Hous. Div.*, 2004-Ohio-357, ¶ 14.

{¶10} Appellant's brief is quite lacking in any analysis and argument, making it unclear whether Appellant asserts a facial challenge or an as applied challenge to R.C. 1923.09(A). However, for the reasons below, we conclude the statute is constitutional on both fronts.

## ANALYSIS

### *Right to a Jury Trial Generally*

{¶11} Generally, the right to a jury trial is a right protected by both the United States Constitution and the Ohio Const. art. I, § 5. Civ.R. 38 preserves this right in civil actions and provides:

RULE 38. Jury Trial of Right.

(A) Right preserved

The right to trial by jury shall be preserved to the parties inviolate.

(B)     Demand

Any party may demand a trial by jury on any issue triable of right by a jury by serving upon the other parties a demand therefor at any time after the commencement of the action and not later than fourteen days after the service of the last pleading directed to such issue.

{¶12} The right to a jury trial, where it exists, is a substantive right rather than a procedural one. *Kneisley* v. *Lattimer-Stevens Co.*, 40 Ohio St.3d 354, 356 (1988), citing *Cleveland Ry. Co. v. Halliday*, 127 Ohio St. 278 (1933), paragraph one of the syllabus.

{¶13} Importantly however, a party does not have an automatic right to a jury trial. "There is no right to a jury trial * * * unless that right is extended by statute or existed at common law prior to the adoption of the Ohio Constitution." *Kneisley*, at 357; *Walters v. Griffith*, 38 Ohio St.2d 132, 133 (1974); *Seth v. Capitol Paper Co.*, 1990 Ohio App. LEXIS 3796, *16. Thus, if the underlying action originated at common-law, and thus before the adoption of the Constitution, then the requesting party has a constitutional right to a jury, and the General Assembly cannot impede the right through legislative enactment. *Kneisley*, at 357 ("the right to a jury trial in trespass actions existed in this state at common law and now extends to its progeny -- in this case, intentional tort actions"), citing *Belding* v. *State. ex rel. Heifner* (1929), 121 Ohio St. 393, 396 (1929).

{¶14} If the right is granted by statute, the General Assembly may modify the right to a jury trial through reasonable legislative enactments. Indeed, the constitutional guarantee of a jury trial nonetheless permits the legislative branch to set forth procedures by which the jury is obtained. *Reckner* v. *Warner*, 22 Ohio St. 275 (1872); *Seth*, supra, at *16. Failure to make a jury demand in accordance with procedures properly imposed by the legislature effectively waives the constitutional right. *Cincinnati v. Bossert Machine*

*Co.*, 16 Ohio St.2d 76, 79 (1968); *Frashuer v. Travelers Indemnity Co.*, 49 Ohio App.2d 1, 2 (1974); *Griffith*, at 133 (the right to a jury trial in a statutory civil action may be subject to moderate and reasonable regulation; thus, the defendant's failure to act within the specified ten-day grace period waived his right to a trial by jury).

### *Chapter 1923 - Forcible Entry and Detainer Actions*

**{¶15}** Ohio Revised Code Chapter 1923 sets forth the statutory framework for forcible entry and detainer actions. Ohio courts recognize that parties to such actions have the right to a jury trial. *See* R.C. 1923.09(A); R.C. 1923.10; *Fodor v. First Natl. Supermarkets*, 63 Ohio St.3d 489, 492 (1992); *State ex rel. GMS Mgt. Co. v. Callahan*, 65 Ohio App.3d 335, 340 (11th Dist. 1989), citing *Pernell v. Southall Realty*, 416 U.S. 363, 384-385 (1974) (explaining that a defendant in a forcible-entry-and-detainer action has a right to a jury trial). R.C. 1923.09(A), the statute being challenged, provides that "[i]f an action under this chapter is not continued, the place of trial is not changed, and neither party demands a jury on the return day of the summons, a judge of the court shall try the cause." Thus, a litigant is entitled to a jury trial but must make the jury demand on or before the return day of the summons.[1]

**{¶16}** The purpose of Chapter 1923 is to provide "a summary proceeding in which a court may make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord." *Cuyahoga Metro. Hous.*

---

[1] Ohio Revised Code Chapter 1923 provides specific requirements for service and summons in a forcible entry and detainer action. R.C. 1923.06(A). Specifically, a summons must be issued which follows a specific format and is served and returned as provided. *Id.* Service of the summons must occur "at least seven days before the day set for trial." *Id.* "Within five days after receiving the summons * * * the person making service shall return the process to the clerk." R.C. 1923.06(D)(3).

*Auth. v. Jackson*, 67 Ohio St.2d 129, 130 (1981). Such actions are intended to serve as an expedited, extraordinary mechanism to allow aggrieved landlords to recover possession of real property. *Miele v. Ribovich*, 2000-Ohio-193; *Jackson*, at 131. Indeed, the *Jackson* Court explained the forcible entry and detainer statute "is to provide immediate possession of real property." *Id.* The drafters of the statute "were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy." *Id.* This Court has similarly stated:

> An action of forcible entry and detainer is an action at law based upon contract. It is an action to obtain possession or repossession of real property which had been transferred from one to another pursuant to contract. * * * Such a proceeding is not an action to determine ownership of the title to the property." *Behrle v. Beam* (1983), 6 Ohio St.3d 41, 44, 6 Ohio B. 61, 451 N.E.2d 237. Further, under Ohio law, the action is "a remedy which is purely statutory and which is unknown at common law, and it may be defined as a summary civil proceeding provided by statute in certain enumerated cases, intended to affect only the question of possession of real property. * * * The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of the possession of real estate in the cases especially enumerated by statute." *Fodor v. First Natl. Supermarkets, Inc.* (1992), 63 Ohio St.3d 489, 494, 589 N.E.2d 17, quoting 37 Ohio Jurisprudence 3d (1982) 78-80, Ejectment, Section 67.
>
> *Brown v. Brown*, 2005-Ohio-1838, ¶ 19 (5th Dist.).

**{¶17}** Ohio law makes clear that Chapter 1923 civil actions constitute special statutory proceedings to determine the right to present possession of real property. *See*

*State ex rel. Tri Eagle Fuels, L.L.C. v. Dawson*, 2019-Ohio-2011, ¶ 10 (holding that the forcible entry and detainer action was a special statutory proceeding limited to resolution of possession of the premises despite other pending litigation); *Am. Business Invests., LLC v. Shaeena & Allos, LLC*, 2023-Ohio-739, ¶ 34 (6th Dist.); *RTO Funding, LLC v. Bryant*, 2023-Ohio-1775 (6th Dist.); *Disher v. Bannick*, 2021-Ohio-1331, ¶ 11 (2d Dist.) ("A forcible entry and detainer action is a statutory proceeding used to determine the right to present possession of real property.")

**{¶18}** Thus, the right to a jury trial in forcible entry and detainer actions is subject to moderate and reasonable regulation by statute and/or by local rules of court that a party must comply with to preserve the right. *See Admr. of Veterans Affairs v. Jackson*, 41 Ohio App.3d 274, 277 (1987) (finding that defendant waives a jury trial when it fails to comply with the municipal court's local rule for jury demands in forcible entry and detainer); *Martin v. Rogers*, 42 Ohio App.3d 110, 111 (8th Dist. 1987) ("Although a defendant in a forcible entry and detainer action has a right to a jury trial * * * the bond requirement is a reasonable one which furthers the policy of Ohio that seeks expeditious resolution of forcible entry and detainer cases and the protection of all parties' interests."); *Cuyahoga River Assocs. P'ship v. MJK Corp.,* 1996 Ohio App. LEXIS 124, *16-18 (the trial court did not err in refusing to give effect to a jury demand in a forcible entry and detainer action, pursuant to the local rules of court, where defendant failed to post the required bond).

### *R.C. 1923.09(A) is facially constitutional and as applied*

**{¶19}** As stated, R.C. 1923.09(A) provides a specific time frame within which to demand a jury trial and requires a party to do so no later than the return date of the summons. The plain language of the statute does <u>not</u> appear beyond a reasonable doubt

that it is clearly incompatible with the right to a jury trial. *Bartec*, at ¶ 27. Rather, it preserves the right while imposing an expeditious time frame to accomplish prompt resolution of forcible entry and detainer actions. Ohio law is clear that forcible entry and detainer actions were statutorily created to enable swift and summary proceedings for disputes between landlords and tenants. The limited time for a jury demand achieves said objectives. Moreover, upon examining R.C. 1923.09(A), an individual of ordinary intelligence would understand what is required of him or her. *Baum*, at ¶ 14. As such, we conclude that R.C. 1923.09(A) is facially constitutional.

**{¶20}** Likewise, we conclude that the statute is constitutional as applied. *Showe Mgmt. Corp. v. Mountjoy*, 2020-Ohio-2772, ¶ 14 (12th Dist.). The *Showe* Court specifically addressed whether R.C. 1923.09(A) deprives a litigant of her statutory and constitutional right to a jury trial because it requires the litigant to make a jury demand on or before the return day of the summons.[2] *Showe*, at ¶ 14. In *Showe*, the summons was received, served, and returned on March 13, 2019, but the tenant's jury demand was faxed to the court on March 25, 2019, 12 days beyond the statutory deadline. In finding the tenant's jury demand untimely, the Court discussed Civ.R. 38(B), preserving the right to a jury trial in civil actions, in connection with Civ.R. 1(C)(3).

**{¶21}** Civ.R. 1(C) provides: "(C) Exceptions. These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer * * *." The Court determined that in accordance with Civ.R.

---

[2] The tenant's assignment of error stated: "THE TRIAL COURT ERRED BY DENYING APPELLANT HER STATUTORY AND CONSTITUTIONAL RIGHT TO A JURY TRIAL." The tenant argued the trial court incorrectly determined that Civ.R. 38(B) is not applicable to forcible entry and detainer proceedings, that there was no local rule restricting when a party may file a jury demand, and that the trial court erred in finding she waived her right to a jury. *Showe*, at ¶ 13.

1(C)(3), the Civil Rules were inapplicable to the defendant's forcible entry and detainer jury demand. *Showe,* at ¶ 19. The Court stated:

> While the Civil Rules generally govern procedure in Ohio courts, the rules specifically state that they do not apply in forcible entry and detainer proceedings "to the extent that they would by their nature be clearly inapplicable." Civ. R. 1(C)(3). Moreover, the Civil Rules are inapplicable if their application would frustrate the purpose of the forcible entry and detainer proceeding. *State ex rel. GMS Mgt. Co.*, 45 Ohio St.3d 51, 54-55, 543 N.E.2d 483, (1989); *Larson v. Umoh*, 33 Ohio App.3d 14, 16, 514 N.E.2d 145 (8th Dist. 1986).
>
> *Showe*, at ¶ 16.

**{¶22}** As such, because the forcible entry and detainer statute provides a specific date to request a jury trial, the Civil Rules, including Civ.R. 38, are inapplicable. *Id.*, at ¶ 19. Thus, the Court held that the trial court did not err in denying the tenant's request for a jury trial as untimely. *Id.*, at ¶ 21. We concur with the *Showe* Court and conclude that Civ.R. 38 is inapplicable, thus triggering R.C 1923.09(A), requiring a party to make a jury demand on or before the return day of the summons.

**{¶23}** Appellant claims that he had to "run" to the courthouse to comply with the time frame under R.C. 1923.09(A) and preserve his right to a jury. However, the record belies Appellant's claims. As set forth, on May 1, 2024, DNW first notified Appellant in writing that his month-to-month tenancy was terminated effective May 31, 2024. Appellant remained on the premises. DNW again provided written notification to vacate on June 27, 2024, pursuant to R.C. 1923.04. The notice included the mandatory warning that, "You are being asked to leave the premises. If you do not leave, an eviction action

may be initiated against you. If you are in doubt regarding your legal rights and obligations as a tenant, it is recommended that you seek legal assistance."

**{¶24}** Appellant similarly ignored this notice. On July 3, 2024, DNW filed a forcible entry and detainer action. Said action was served via ordinary mail, was never returned, and is presumed delivered to Appellant. Then, on July 17, 2024, the bailiff personally served Appellant's summons and returned process on July 18, 2024. Appellant did not make a jury demand until July 24, 2024. As DNW posits, the implication that Appellant learned for the first time on July 18, 2024, that he was facing eviction and had to race to the courthouse to make a jury demand is simply not supported by the record. Appellant had sufficient time to inquire regarding his rights but chose to ignore DNW's written notices for weeks. As such, we conclude that R.C. 1923.09(A) is constitutional as applied.

**{¶25}** To this point, even criminal defendants charged with misdemeanors who are <u>subject to jail time</u> forfeit their right to a jury trial if the demand is untimely made. For example, in *May*, the criminal defendant argued on appeal that the trial court abused its discretion in not allowing him a jury trial. *State v. May*, 2025-Ohio-1038 (5th Dist.). There, defendant was notified of the trial date on January 12, 2024, and filed his jury demand on April 11, 2024, just 7 days before trial. Crim.R. 23(A) requires a defendant to file a written jury demand at least 10 days prior to the trial. Because the defendant's demand was filed less than 10 days prior, the Fifth District held that the trial court did not abuse its discretion in denying the request as untimely. This Court noted:

> The guarantee of a jury trial in criminal cases contained in the state and
> federal Constitutions is not an absolute and unrestricted right in Ohio with
> respect to misdemeanors, and a statute, ordinance or authorized rule of

court may validly condition the right to a jury trial in such a case on a written demand therefor * * *. Thus, it is permissible for the State to require, by statute or rule, an affirmative act on the part of the defendant to demand a jury trial in a misdemeanor case. * * *

*May*, at ¶ 11, quoting *State v. Straka*, 2006-Ohio-2786, ¶ 8 (3d Dist.), citing *City of Tallmadge v. Degraft-Biney*, 39 Ohio St.3d 300, 302 (1988).

**{¶26}** Similarly, here, R.C. 1923.09(A) simply requires an affirmative act to preserve the right to a jury trial. Appellant failed to perform said affirmative act in a timely manner. Accordingly, the trial court did not violate Appellant's right to a jury trial. **Appellant's sole assignment of error is overruled.**

### CONCLUSION

**{¶27}** Because the trial court properly determined that Appellant did not timely demand a jury trial in accordance with R.C. 1923.09(A), Appellant's sole assignment of error is overruled.

**{¶28}** For the reasons stated in our accompanying Opinion, the judgment of the Canton Municipal Court in Stark County, Ohio, is Affirmed.

**{¶29}** Costs to Appellant.

By: Montgomery, P.J.

Popham, J. and

Gormley, J. concur.